**EXHIBIT E**

Case 14-11818-KJC    Doc 8-5    Filed 07/31/14    Page 1 of 9

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------x
In re:                                                        :
                                                              :
ARION INSURANCE COMPANY LIMITED,    :    Chapter 15
                                                              :    Case No. 07-12108 (RDD)
Debtor in Foreign Proceeding.                     :
---------------------------------------------------------------x

**ORDER GRANTING RECOGNITION AND PERMANENT INJUNCTION IN AID OF**
**FOREIGN MAIN PROCEEDING PURSUANT TO**
**11 U.S.C. § 105(a), 1504, 1507, 1514, 1515, 1517, 1519, 1520 AND 1521**

Upon consideration of the Verified Petition, dated June 25, 2007, commencing the above-captioned chapter 15 case (the "Chapter 15 Case"), of Tamsin Victoria Walker (the "Petitioner" or "foreign representative") appointed as foreign representative of Arion Insurance Company Limited (the "Company") in a proceeding (the "Bermuda Proceeding") commenced on October 18, 2006 (the "Bermuda Petition")[1] and pending before the Supreme Court of Bermuda Civil Jurisdiction (the "Bermuda Court"), pursuant to the Bermuda Companies Act of 1981 (the "Companies Act"), seeking (i) recognition of the Bermuda Proceeding as the foreign main proceeding within the meaning of 11 U.S.C. § 1502(4) and pursuant to 11 U.S.C. § 1517; (ii) recognition of the Petitioner as the "foreign representative" of the Company in the Bermuda Proceeding as defined in 11 U.S.C. § 101(24), and for all purposes under chapter 15 of the Bankruptcy Code, and (iii) permanent injunctive relief enforcing the Bermuda Court's order dated March 30, 2007 (the "Bermuda Sanction Order") sanctioning the scheme of arrangement between the Company and its creditors effective as of March 30, 2007 (the "Scheme"); and the Court having considered and reviewed the other pleadings and exhibits submitted by the

---
[1] The Bermuda Petition, Bermuda Court Order, Scheme, Chairman's Report, Bermuda Sanction Order as annexed to the Verified Petition filed contemporaneously in connection as exhibits A through I and are fully incorporated herein by reference.

NY:2089436.7

Petitioner in support of the Verified Petition (collectively the "Supporting Papers"); and a hearing having been held before this Court on August 8, 2007 (the "Hearing") to consider the Verified Petition; and due and timely notice of the filing having been given of the Verified Petition and the Hearing, which notice is deemed adequate for all purposes such that no other or further notice thereof need be given; and the Court having heard argument by counsel appearing at the Hearing; and no objections to the Verified Petition having been filed; and after due deliberation and sufficient cause appearing therefor, the Court finds and concludes as follows:

  (A)  This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York (Ward, Acting C.J.), dated July 10, 1984.

  (B)  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

  (C)  Venue is proper in this district pursuant to 28 U.S.C. § 1410 and consistent with the interests of justice and the convenience of the parties, having regard to the relief sought by the Petitioner, including because reinsurance receivables due the Company exist in this district.

  (D)  On October 18, 2006, the Company moved the Bermuda Court pursuant to the Bermuda Petition for leave to convene a meeting of the Scheme Creditors (the "Scheme Creditors' Meeting") for the purpose of considering whether to approve the Scheme and appointing Allan Dunkle chairman of the Scheme Creditors' Meeting.

  (E)  On October 19, 2006, the Bermuda Court issued an order (the "Bermuda Court Order"), granting the Company leave to convene the Scheme Creditors' Meeting.

   (F)  Pursuant to the Bermuda Court Order, the Company gave 120 days notice that the Scheme Creditors' Meeting was scheduled for March 12, 2007, by local mail to Scheme Creditors inside the United States and airmail to Scheme Creditors outside the United States, and of, inter alia, (i) a hard copy of the notice convening the Scheme Creditors' Meeting, (ii) a CD-ROM containing in electronic format a copy of the Scheme and its accompanying explanatory statement required pursuant to section 100 of the Companies Act, (iii) a proxy form and (iv) a claim form.

   (G)  The Scheme Creditors' Meeting was held on March 12, 2007. At the meeting, the requisite majority of Scheme Creditors voted in person or by proxy in favor of the Scheme.

   (H)  By the Bermuda Sanction Order the Bermuda Court sanctioned the Scheme on March 30, 2007. The Scheme became effective in Bermuda on March 30, 2007.

   (I)  This Chapter 15 Case was properly commenced pursuant to 11 U.S.C. §§ 1504 and 1515 to seek this Court's assistance to enforce the Bermuda Sanction Order and give effect to the Scheme in the United States.

   (J)  The Petitioner is a person within the meaning of 11 U.S.C. § 101(41) and was duly appointed the foreign representative of the Company within the meaning of 11 U.S.C. § 101(24) and as evidenced in accordance with section 1515(b)(3) by virtue of the Scheme and the Bermuda Sanction Order .

(K) On October 18, 2006, the Company filed the Bermuda Petition with the Bermuda Court and thereby commenced a foreign proceeding within the meaning of 11 U.S.C. § 101(23).

(L) Bermuda is the Company's center of main interests within the meaning of 11 U.S.C. § 1516(c) because the Company's registered office is in Bermuda. In addition, Bermuda is the Company's principal place of business.

(M) Because the Bermuda Proceeding is pending in Bermuda, the Company's center of main interests, it is thereby entitled to recognition as a foreign main proceeding by this Court pursuant to 11 U.S.C. § 1517(b)(1).

(N) The Petitioner is entitled to all of the following additional relief in order to aid in the enforcement of the Scheme in the United States, including permanent injunctive relief, provided pursuant to 11 U.S.C. §§ 105(a), 1504, 1507, 1514, 1515, 1517, 1519, 1520, and 1521, without limitation:

    a. staying the commencement or continuation of any action or proceeding concerning the assets, rights, obligations or liabilities of the Company in respect or for the benefit of the Company, to the extent not otherwise stayed under 11 U.S.C. § 1520(a);

    b. staying execution against the assets of the Company, to the extent not otherwise stayed under 11 U.S.C. § 1520(a);

  c. suspending the right to transfer or otherwise dispose of any assets of the Company, except pursuant to the express written authority of the Petitioner, to the extent this right has not otherwise been suspended under 11 U.S.C. § 1520(a);

  d. recognizing, granting comity to and giving effect in the United States to the Scheme and any other orders of the Bermuda Court infurtherance thereof, including, without limitation, orders relating to the filing, administration and resolution of claims against and interests in the Company and its assets;

  e. waiver of the obligation under section 1514(c) of the Bankruptcy Code requiring notice of the time period and place for filing proofs of claim; and

  f. such further relief as the Petitioner may request from time to time, to the extent authorized by 11 U.S.C. § 1507 and additional assistance as this Court may deem just and proper.

 (O) The permanent injunctive and other relief granted hereby is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, warranted pursuant to 11 U.S.C. § 1521, and will not cause any hardship to parties in interest that is not outweighed by the benefits of granting that relief.

 (P) Granting the relief sought by the Petitioner in this Order will best assure the just treatment of all holders of claims against and interests in the Company and its property, protection of creditors in the United States against prejudice, distribution of proceeds of the Company's property substantially in accordance with the Bankruptcy Code, and the economical

and expeditious administration of the Company's affairs, consistent with the principles of 11 U.S.C. § 1507(b).

NOW, THEREFORE, it is hereby ORDERED as follows:

1. The Bermuda Proceeding is hereby recognized as a foreign main proceeding as defined in 11 U.S.C. § 1502(4) pursuant to 11 U.S.C. § 1517.

2. The Petitioner, Tamsin Victoria Walker, is hereby recognized as the foreign representative of the Company within the meaning of 11 U.S.C § 101(24) and for all purposes under chapter 15 of the Bankruptcy Code.

3. The Petitioner is entitled to permanent injunctive relief, including all of the following additional relief pursuant to 11 U.S.C. §§ 105(a), 1504, 1507, 1514, 1515, 1517, 1519 1520, and 1521, without limitation:

    a. staying the commencement or continuation of any action or proceeding concerning the assets, rights, obligations or liabilities of the Company in respect or for the benefit of the Company, to the extent not otherwise stayed under 11 U.S.C. § 1520(a);

    b. staying execution against the assets of the Company, to the extent not otherwise stayed under 11 U.S.C. § 1520(a);

    c. suspending the right to transfer or otherwise dispose of any assets of the Company, except pursuant to the express written authority of the Petitioner, to the extent this right has not otherwise been suspended under 11 U.S.C. § 1520(a);

      d.   recognizing, granting comity to and giving effect in the United States to the Scheme and any other orders of the Bermuda Court, in furtherance thereof including, without limitation, orders relating to the filing, administration and resolution of claims against and interests in the Company and its assets;

      e.   waiver of the obligation under section 1514(c) of the Bankruptcy Code requiring notice of the time period and place for filing proofs of claim; and

      f.   such further relief as the Petitioner may request from time to time, to the extent authorized by 11 U.S.C. § 1507 and additional assistance as this Court may deem just and proper,

and such relief is granted

4.   A copy of this Order shall be served upon all known creditors (or their counsel) of the Company in accordance with the procedures stated in the Motion regarding Form and Manner of Service on or before <u>August 20</u>, 2007, with publication notice as contemplated thereby to occur promptly thereafter. Service in accordance with this Order shall constitute adequate and sufficient service and notice of this Order.

5.   The Petition and the Supporting Papers shall be made available by the Petitioner upon request at the offices of:

    Allen & Overy LLP
    Attention: Tania Ingman
    1221 Avenue of the Americas,
    New York, New York 10020
    (212) 610-6300
    Tania. Ingman@allenovery.com.

Dated: New York, New York
      August 9, 2007

                                    /s/Robert D. Drain
                                    United States Bankruptcy Judge