**EXHIBIT F**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
In re                                                              :

Petition of PHILIP HEITLINGER, as foreign        : In Cases Under
representative of AXA INSURANCE UK PLC,             Chapter 15 of the
ECCLESIASTICAL INSURANCE OFFICE PLC,       : Bankruptcy Code
GLOBAL GENERAL AND REINSURANCE COMPANY
LIMITED, and MMA IARD ASSURANCES
MUTUELLES,                                                       :

Debtors in Foreign Proceedings.                     : Case Nos. 07-B-12110 to
                                                                        07-B-12113 (REG)
                                                                  : (Jointly Administered)
------------------------------------------------------------------ x

**ORDER GRANTING RECOGNITION OF
FOREIGN PROCEEDINGS, PERMANENT
INJUNCTION AND RELATED RELIEF**

This matter having come before the Court upon the application (the

"Application") of Philip Heitlinger (the "Petitioner"), in his capacity as the duly authorized

foreign representative, as defined in section 101(24) of title 11 of the United States Code (the

"Bankruptcy Code"), of AXA Insurance UK PLC ("AXA"), Ecclesiastical Insurance Office

plc ("Ecclesiastical"), GLOBAL General and Reinsurance Company Limited ("GLOBAL"

and together with AXA and Ecclesiastical, the "UK Scheme Companies") and MMA IARD

Assurances Mutuelles ( the "Non-UK Scheme Company"),[1] for the entry of an order granting

recognition of a foreign proceedings, for permanent injunction and related relief under

---

[1] The UK and Non-UK Scheme Company are collectively referred to herein as the "Scheme Companies."

NY4 - 199597.04

Chapter 15 of the Bankruptcy Code in aid of the Scheme Companies' Schemes of Arrangement, pursuant to section 425 of the Companies Act 1985 of Great Britain (collectively, the "Schemes"),[2] and upon the Court's issuance of the Order Scheduling a Hearing and Specifying the Time and Manner of Notice, dated July 11, 2007 (the "Scheduling Order"); and upon the Court's review and consideration of the Petitions under Chapter 15 of the Bankruptcy Code dated July 9, 2007 (the "Chapter 15 Petitions"), the Verified Petitions under Chapter 15 of the Bankruptcy Code for Recognition of a Foreign Main Proceeding, Permanent Injunction and Related Relief, dated July 9, 2007 (the "Verified Petitions"), the Declaration of Mervyn Donald Couve, a partner of Speechly Bircham LLP, UK counsel to the Scheme Companies, dated July 9, 2007, and the Memorandum of Law in support of the Chapter 15 Petition for Recognition of Foreign Proceedings, Permanent Injunction and Related Relief, dated July 9, 2007 (collectively, the "Supporting Papers"); and the Petitioner having given notice of the Application, in accordance with the Scheduling Order, on or before July 13, 2007 and by publication in <u>Business Insurance</u> magazine, <u>Insurance Day</u> magazine and <u>The Wall Street Journal</u> (national edition) on or before July 23, 2007; and having held a hearing and heard arguments by counsel in support of the Application on August 15, 2007; and based on the foregoing, the Court finds and concludes as follows:

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to them in the Scheme, a

(Cont'd on following page)

2

1. The Petitioner has demonstrated that:

(a) the Scheme Companies are subject to foreign proceedings within the meaning of section 101(23) of the Bankruptcy Code;

(b) the UK Scheme Companies are subject to foreign main proceedings within the meaning of section 1502(4) of the Bankruptcy Code;

(c) the Non-UK Scheme Company is subject to foreign nonmain proceedings within the meaning of section 1502(5) of the Bankruptcy Code;

(d) the Petitioner is the foreign representative of the Scheme Companies within the meaning of section 101(24) of the Bankruptcy Code;

(e) the Chapter 15 cases were properly commenced pursuant to sections 1504 and 1515 of the Bankruptcy Code; and

(f) the Chapter 15 Petitions satisfy the requirement of section 1515 of the Bankruptcy Code.

2. The Petitioner has demonstrated that the relief requested, including permanent injunctive relief, is necessary and appropriate, in the interests of the public and

---

(Cont'd from preceding page)

copy of which is attached to the Verified Petitions (as defined herein) as Exhibit "A."

NY4 - 199597.04

international comity, consistent with the public policy of the United States, warranted pursuant section 1521 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 7065, and will not cause any hardship to Scheme Creditors or other parties in interest that is not outweighed by the benefits of granting that relief;

3. The Petitioner has demonstrated that permanent injunctive relief would not cause hardships to Scheme Creditors or other parties-in-interest that would not be outweighed by the benefits of such relief. Unless a permanent injunction is issued, it appears to this Court that one or more persons or entities may take action that is inconsistent with or in contravention of the terms of the Schemes, thereby interfering with, and causing harm to, the efforts of the Scheme Manager to administer the Scheme Companies' estates in relation to Scheme Business, and that as a result, the Scheme Companies, and their estates and Scheme Creditors will suffer irreparable injury for which there is no adequate remedy at law;

4. The interest of the public will be served by this Court's granting the relief requested by the Petitioner; and

5. Venue is proper in this District pursuant to 28 U.S.C. § 1410.

NOW, THEREFORE, IT IS HEREBY

ORDERED, that the proceedings respecting the Schemes under the Companies Act 1985 of Great Britain (the "Companies Act") in the High Court of Justice of England and Wales (the "High Court") and the Schemes are granted recognition pursuant to section 1517(a); and it is further

4

ORDERED, that the proceedings respecting the Schemes of the UK Scheme Companies under the Companies Act in the High Court and the Schemes of the UK Scheme Companies are granted recognition as foreign main proceedings pursuant to section 1517(b)(1) of the Bankruptcy Code; and it is further

ORDERED, that the proceedings respecting the Scheme of the Non-UK Company under the Companies Act before the High Court and the Scheme of the Non-UK Scheme Company are granted recognition as foreign nonmain proceedings pursuant to section 1517(b)(2) of the Bankruptcy Code; and it is further

ORDERED, that all relief afforded foreign main proceedings pursuant to section 1520 of the Bankruptcy Code is granted; and it is further

ORDERED, that sections 361 and 362 of the Bankruptcy Code apply with respect to the Scheme Companies in relation to Scheme Liabilities and the property of the Scheme Companies that is within the territorial jurisdiction of the United States and related to the Scheme Business; and it is further

ORDERED, that sections 363, 549, and 552 of the Bankruptcy Code apply to a transfer of an interest of a Scheme Company in property that is within the territorial jurisdiction of the United States and related to the Scheme Business to the same extent that the sections would apply to property of an estate; and it is further

ORDERED, that the Company's foreign representative may operate the Scheme Companies' Scheme Business and may exercise the rights and powers of a trustee

5

under and to the extent provided by sections 363 and 552 of the Bankruptcy Code in relation to such Scheme Business; and it is further

ORDERED, that section 552 of the Bankruptcy Code applies to property of the Scheme Companies that is within the territorial jurisdiction of the United States and related to the Scheme Business; and it is further

ORDERED, that the Schemes shall be given full force and effect in the United States, and shall be binding on and enforceable against any person or entity that is a Scheme Creditor, including, without limitation, against such person or entity in its capacity as a debtor of a Scheme Company in the United States; and it is further

ORDERED, that the Established Liability in favor of each Scheme Creditor determined in accordance with the Schemes shall be final and binding on the Scheme Companies and such Scheme Creditor, including, without limitation, against such person or entity in its capacity as a debtor of the Scheme Companies, provided the Scheme Companies do not revert to run off in accordance with the Schemes; and it is further

ORDERED, that all Scheme Creditors are hereby permanently enjoined from taking any action in contravention of, or inconsistent with, the Schemes; and it is further

ORDERED, that all Scheme Creditors are hereby permanently enjoined from seizing, repossessing, transferring, relinquishing or disposing of any property of the Scheme Companies related to the Scheme Business or in connection with any Scheme Liabilities in

the United States, or the proceeds thereof, to any person or entity other than the Scheme Managers; and it is further

ORDERED, that, all Scheme Creditors are permanently enjoined from: (a) commencing or continuing any action or legal proceeding in connection with any Scheme Liability (including, without limitation, arbitration, mediation or any judicial, quasi-judicial, administrative action, proceeding or process whatsoever), including by way of counterclaim, against the Scheme Companies, or any property in the United States, or any proceeds thereof, and seeking discovery of any nature against a Scheme Company; (b) enforcing any judicial, quasi-judicial, administrative judgment, assessment or order, or arbitration award obtained in connection with any Scheme Liability, and commencing or continuing any act or action or legal proceeding in connection with any Scheme Liability (including, without limitation, arbitration, mediation or any judicial, quasi-judicial, administrative action, proceeding or process whatsoever) or any counterclaim to create, perfect or enforce any lien, attachment, garnishment, setoff or other claim arising out of a Scheme Liability against the Scheme Companies or any of their property in the United States, or any proceeds thereof, including, without limitation, rights under reinsurance or retrocession contracts; (c) invoking, enforcing or relying on the benefits of any statute, rule or requirement of federal, state, or local law or regulation requiring a Scheme Company to establish or post security in the form of a bond, letter of credit or otherwise as a condition of prosecuting or defending any proceedings (including, without limitation, arbitration, mediation or any judicial, quasi-judicial, administrative action, proceedings or process whatsoever) in connection with any Scheme

7

Liability and such statute, rule or requirement will be rendered null and void for proceedings; provided, however, that nothing in this Order shall in any respect (i) affect any Security Interest in existence at the Effective Date or the replacements for such security or (ii) enjoin any policy or regulatory act of a governmental unit, including a criminal action or proceeding, in accordance with section 1521(d) of the Bankruptcy Code; (d) drawing down any letter of credit established by, on behalf or at the request of, a Scheme Company, that relates to the Scheme Business in excess of amounts expressly authorized by the terms of the contract or other agreement pursuant to which such letter of credit has been established; and (e) withdrawing from, setting off against, or otherwise applying property that is the subject of any trust or escrow agreement or similar arrangement that relates to the Scheme Business in which a Scheme Company has an interest in excess of amounts expressly authorized by the terms of the contract and any related trust or other agreement pursuant to which such letter of credit, trust, escrow, or similar arrangement has been established; provided, however, no drawing against any letter of credit shall be made in connection with any commutation unless the amount has been agreed in writing with the Petitioner or the Scheme Manager or permitted by further Order of the Court; and it is further

ORDERED, that all Scheme Creditors that are beneficiaries of letters of credit established by, on behalf or at the request of a Scheme Company or parties to any trust, escrow or similar arrangement in which a Scheme Company has an interest that relates to Scheme Business, are required to: (a) provide notice to the Petitioner's United States counsel of any drawdown on any letter of credit established by, on behalf or at the request of, a

8

Scheme Company, or any withdrawal from, setoff against, or other application of property that is the subject of any trust or escrow agreement or similar arrangement in which a Scheme Company has an interest, together with information sufficient to permit the Scheme Manager to assess the propriety of such drawdown, withdrawal, setoff or other application, including, without limitation, the date and amount of such drawdown, withdrawal, setoff or other application and a copy of any contract, related trust or other agreement pursuant to which any such drawdown, withdrawal, setoff, or other application was made, and provide such notice and other information contemporaneously therewith; and, (b) turn over and account to the Scheme Manager for all funds resulting from such drawdown, withdrawal, setoff, or other application in excess of amounts expressly authorized by the terms of the contract, any related trust or other agreement pursuant to which such letter of credit, trust, escrow or similar arrangement has been established unless such Scheme Creditor has a bona fide defense to this obligation to turn over; and it is further

ORDERED, that every Scheme Creditor that has a claim of any nature or source arising out of Scheme Business and that is a party to any action or other legal proceeding (including, without limitation, arbitration or any judicial, quasi-judicial, administrative action, proceeding or process whatsoever) in which a Scheme Company is or was named as a party, or as a result of which a Scheme Liability may be established, is required to place the Petitioner's United States counsel (Chadbourne & Parke LLP, 30 Rockefeller Plaza, New York, NY 10112, Attn: Francisco Vazquez, Esq.) on the master service list of any such action or other legal proceeding, and to take such other steps as may

NY4 - 199597.04

be necessary to ensure that such counsel receives: (a) copies of any and all documents served by the parties to such action or other legal proceeding or issued by the court, arbitrator, administrator, regulator or similar official having jurisdiction over such action or legal proceeding; and, (b) any and all correspondence, or other documents circulated to parties named in the master service list; and it is further

ORDERED, that nothing in this Order shall in any respect prevent the commencement or continuation of proceedings against any person or entity other than the Scheme Companies; provided, however, that if any third party shall reach a settlement with, or obtain a judgment against, any person or entity other than a Scheme Company, such settlement or judgment shall not be binding on or enforceable against the Scheme Companies; and it is further

ORDERED, that, pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure, the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure shall be, and the same hereby are, waived; and it is further

ORDERED, that no action taken by the Petitioner or the Scheme Manager, their successors, agents or representatives, or any of them, or their counsel, in preparing, disseminating, applying for, implementing or otherwise acting in furtherance of the Scheme shall be deemed to constitute a waiver of the immunity afforded the Petitioner, the Scheme Manager, their successors, agents or representatives pursuant to section 1510 of the Bankruptcy Code; and it is further

10

ORDERED, that this Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, and requests for any additional relief in the Chapter 15 cases and all adversary proceedings in connection therewith properly commenced and within the jurisdiction of this Court; and it is further

ORDERED, that except with respect to the matters over which this Court has expressly retained jurisdiction, the Chapter 15 cases are hereby closed, subject to it being reopened pursuant to section 350(b) of the Bankruptcy Code; and it is further

ORDERED, that this Order shall be served as follows:

(a) by United States mail, first class postage prepaid, on or before August 20, 2007, upon the known Scheme Creditors and parties-in-interest located in the United States at the time of such service;

(b) by publication of notice of entry of this Order in Business Insurance magazine, Insurance Day magazine and The Wall Street Journal (national edition) on or before August 27, 2007; and it is further

ORDERED, that service in accordance with this Order shall be deemed good and sufficient service and adequate notice for all purposes.

Dated:    New York, New York
             August *15,* 2007

                                      *S/ Robert E. Gerber*
                                      United States Bankruptcy Judge