# **EXHIBIT H**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------ x
In re: :
 :
Europäische Rückversicherungs- :
Gesellschaft in Zürich (European :
Reinsurance Company of Zurich), :   Chapter 15
 :   Case No. 06-13061 (REG)
Debtor in a Foreign Proceeding :
------------------------------------------------------ x

### PERMANENT INJUNCTION AND ORDER GRANTING RECOGNITION OF FOREIGN NONMAIN PROCEEDING OF EUROPEAN REINSURANCE COMPANY OF ZURICH PURSUANT TO 11 U.S.C. §§ 1507, 1517, 1521

This matter having come before the Court upon the petition for recognition of a foreign nonmain proceeding (the "Verified Petition") commencing this chapter 15 case, the Verified Chapter 15 Petition For Recognition Of A Foreign Nonmain Proceeding And Motion For Permanent Injunction And Related Relief (the "Petition and Motion"), the Memorandum of Law in Support of the Petition and Motion (the "Memorandum of Law"), the Declaration of Kevin McAtee in Support of the Petition and Motion, (the "McAtee Declaration"), the Statement of Foreign Representative Pursuant to 11 U.S.C. § 1515(c) Identifying Foreign Proceedings (the "Section 1515(c) Statement") and the List Filed Pursuant to Fed. R. Bankr. P. 1007(a)(4) (the "Bankruptcy Rule 1007(a)(4) List" and together with the Verified Petition, the Petition and Motion, the Memorandum of Law, the McAtee Declaration and the Section 1515(c) Statement, the "Chapter 15 Pleadings") each filed on December 21, 2006 by Kevin McAtee (the "Petitioner") as the duly appointed foreign representative of Europäische Rückversicherungs-Gesellschaft in Zürich (European Reinsurance Company of Zurich) ("ERZ"), a debtor in a proceeding relating to the adjustment of debts under section 425 of the Companies Act of 1985 of Great Britain (the "English Proceeding") before the High Court of Justice, Chancery Division

(the "English Court") with respect to the Solvent Scheme of Arrangement Between ERZ And Its Scheme Creditors In Respect Of Insurance And Reinsurance Business Written Through And Related To The Agency Of Reinsurance Group Managers Limited (the "Scheme of Arrangement") and the English Court having approved the Scheme of Arrangement by an order dated January 15, 2007 (the "Sanction Order"); and the Court having reviewed and considered the Chapter 15 Pleadings; and the Court having held a hearing on January 22, 2007 (the "Hearing"); and due and timely notice of the filing of the Chapter 15 Pleadings and the Hearing having been given pursuant to the Order Scheduling Hearing and Specifying the Form and Manner of Service and Notice, dated December 22, 2006, which notice is deemed adequate for all purposes such that no other or further notice thereof need be given; and no objections or other responses having been filed thereto that have not been overruled, withdrawn or otherwise resolved; and all interested parties having had due and proper notice and an opportunity to be heard; and upon the record of the Hearing; and after due deliberation and sufficient cause appearing therefor, and for the reasons stated by the Court on the record of the Hearing, the Court hereby **FINDS AND CONCLUDES THAT:**

A.  This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Standing Order of referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (Ward, Acting C.J.), dated July 10, 1984.

B.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

C.  Venue is proper in this District pursuant to 28 U.S.C. § 1410.

D.  This case was properly commenced pursuant to 11 U.S.C. §§ 1504 and 1515.

E.  The Verified Petition meets the requirements of 11 U.S.C. § 1515.

F.  The English Proceeding is a foreign proceeding within the meaning of 11 U.S.C. § 101(23).

G.  The English Proceeding is entitled to recognition by this Court as a foreign proceeding pursuant to 11 U.S.C. §§ 1515 and 1517(a).

H.  The English Proceeding is pending in the United Kingdom and ERZ has an establishment within the meaning of § 1502(2) in the United Kingdom, and the English Proceeding therefore is entitled to recognition as a foreign nonmain proceeding pursuant to 11 U.S.C. §§ 1502(5) and 1517(b)(2).

I.  The Petitioner is a person within the meaning of 11 U.S.C. § 101(41) and the duly appointed foreign representative of ERZ (the "Foreign Representative") within the meaning of 11 U.S.C. § 101(24).

J.  Absent permanent injunctive relief, it appears to this Court that one or more parties in interest may commence or continue the prosecution of judicial, quasi-judicial, arbitration, administrative or regulatory actions or proceedings in connection with a claim against ERZ or its property that is related to the Scheme Business[1] and located within the territorial jurisdiction of the U.S., thereby interfering with and causing harm to the English Proceeding and as a result, the Petitioner, ERZ, its creditors and its estate would suffer immediate and irreparable injury for which there is no adequate remedy at law.

K.  Absent injunctive relief, the English Proceeding and ERZ's efforts in consummating the Scheme of Arrangement may be thwarted by the actions of certain Scheme Creditors, a result contrary to the purposes of chapter 15 as reflected, *inter alia*, in section

---

[1] Capitalized terms used but not defined herein shall be given the meaning ascribed to such terms in the Scheme of Arrangement.

1501(a). Such actions may threaten, frustrate, delay and ultimately jeopardize the English Proceeding and the implementation of the Scheme of Arrangement.

L. The relief sought in the Petition and Motion will not cause undue hardship or inconvenience to parties-in-interest and, to the extent that any hardship or inconvenience may result, such hardship or inconvenience will be outweighed by the benefits to ERZ, its estate and its Scheme Creditors, as well as to the interests of co-operation between the courts of the U.S. and those of foreign jurisdictions.

M. The relief sought in the Petition and Motion is necessary to effectuate the purposes of chapter 15, to protect ERZ and the interests of its Scheme Creditors, and is not manifestly contrary to the public policy of the U.S.

N. The relief requested in the Petition and Motion is consistent with the principles of comity and will reasonably assure:

(1) just treatment of all holders of claims against or interests in ERZ's property that are related to or arise from Scheme Business;

(2) protection of Scheme Creditors in the U.S. against prejudice and inconvenience in the processing of claims in the English Proceeding;

(3) prevention of preferential or fraudulent dispositions of property of ERZ that is related to the Scheme Business; and

(4) distribution of proceeds of ERZ's property that relates to Scheme Business substantially in accordance with the distributive principles embraced by title 11 of the United States Code (the "Bankruptcy Code").

4

O.  The relief sought in the Petition and Motion relates to assets that, under the laws of the United States, should be administered in the English Proceeding and concerns information required in that proceeding.

P.  The Petitioner is entitled to the relief set forth herein under 11 U.S.C. §§ 1507 and 1521.

Q.  On January 15, 2007, the English Court issued the Sanction Order sanctioning the Scheme of Arrangement.  Pursuant to the terms of the Scheme of Arrangement, the Sanction Order will become effective on the date on which an office copy of the Sanction Order is delivered for registration to the Registrar of Companies in England and Wales (the "Effective Date").

For all of the foregoing reasons, and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT, UPON THE EFFECTIVE DATE:**

1.  The English Proceeding is granted recognition as a foreign proceeding pursuant to 11 U.S.C. §§ 101(23) and 1517(a); and

2.  The English Proceeding is granted recognition as a foreign nonmain proceeding pursuant to 11 U.S.C. § 1517(b)(2); and

3.  The Scheme of Arrangement shall be given full force and effect and be binding on and enforceable against all Scheme Creditors in the U.S.; and

4.  All claims of the Scheme Creditors shall be adjudicated pursuant to the terms of the Scheme of Arrangement; and

5.  Except as provided in the Scheme of Arrangement, and except as prohibited by section 1521 of the Bankruptcy Code, all Scheme Creditors are permanently enjoined and restrained from:

5

(a) taking or continuing any act to obtain possession of, or exercise control over, ERZ or any of its property that is related to the Scheme Business and located within the territorial jurisdiction of the U.S. or any proceeds thereof;

(b) transferring any property of ERZ that is related to the Scheme Business and located within the territorial jurisdiction of the U.S. or any proceeds thereof, to any person other than the Scheme Manager;

(c) commencing or continuing any action or legal proceeding in connection with any claim arising out of the Scheme Business (including, without limitation, arbitration, mediation or any judicial, quasi-judicial, administrative or regulatory action, proceedings or process whatsoever), including by way of counterclaim, against ERZ or any of its property that is related to the Scheme Business and located within the territorial jurisdiction of the U.S. or any proceeds thereof, or seeking discovery of any nature against ERZ;

(d) commencing or continuing any judicial, quasi-judicial, administrative or regulatory judgment, assessment, order or arbitration award or commencing or continuing any act or any action or other proceeding (including, without limitation, arbitration, mediation or any judicial, quasi-judicial, administrative or regulatory action, proceedings or process whatsoever) to create, perfect or enforce any lien, set-off or other claim against ERZ arising from the Scheme Business, or any of its property that is related to the Scheme Business and located within the territorial jurisdiction of the U.S. or any proceeds thereof, including without limitation, rights under insurance, reinsurance or retrocession contracts underwritten by ERZ in its capacity as a member of the RGM Pool;

6

(e) invoking, enforcing or relying on the benefits of any statute, rule or requirement of federal, state, or local law or regulation requiring ERZ to establish or post security in the form of a bond, letter of credit or otherwise as a condition of prosecuting or defending any proceedings (including, without limitation, arbitration, mediation or any judicial, quasi-judicial, administrative or regulatory action, proceedings or process whatsoever) arising from the Scheme Business, and such statute, rule or requirement shall not apply to ERZ as a party to proceedings; provided, however, that nothing in this Order shall in any respect affect any Security in existence at the Effective Date or the replacements for such Security;

(f) drawing down any letter of credit established by, on behalf of or at the request of ERZ in connection with Scheme Business, unless expressly authorized by the terms of the contract or other agreement pursuant to which such letter of credit has been established;

(g) withdrawing from, setting off against, or otherwise applying property that is the subject of any trust or escrow agreement or similar arrangement that is related to Scheme Business and in which ERZ has an interest, in excess of amounts expressly authorized by the terms of the contract or any related trust or other agreement pursuant to which such trust, escrow or similar arrangement has been established; and

(h) declaring or treating the filing of this Petition and Motion or any pleadings, declarations, memoranda or statements in support thereof, or the Scheme of Arrangement, a default or event of default under any agreement, contract or arrangement; and

7

6. Except as provided in the Scheme of Arrangement, all Scheme Creditors that are parties to any trust, escrow agreement or similar arrangement arising out of the Scheme Business, in which ERZ has an interest, are required to:

(a) provide notice to the Petitioner's U.S. counsel, Clifford Chance US LLP, 31 West 52nd Street, New York, New York 10019 (Attn: Jennifer C. DeMarco), of any withdrawal from, setoff against, or other application of property located within the territorial jurisdiction of the U.S. that is the subject of any such trust or escrow agreement or similar arrangement in which ERZ has an interest, together with information sufficient to permit the Scheme Manager to assess the propriety of such withdrawal, setoff or other application, including, without limitation, the date and amount of such withdrawal, setoff or other application and a copy of any contract, related trust or other agreement pursuant to which any such withdrawal, setoff or other application was made, and provide such notice and other information contemporaneously; and

(b) turn over and account to the Scheme Manager for all funds resulting from such withdrawal, setoff or other application in excess of amounts expressly authorized by the terms of the contract, any related trust or other agreement pursuant to which such trust, escrow or similar arrangement has been established; and

7. Except as provided in the Scheme of Arrangement, all Scheme Creditors that are beneficiaries of letters of credit established by, on behalf, or at the request, of ERZ that relate to Scheme Business are required to:

(a) provide notice to the Petitioner's U.S. counsel of any drawdown (without the express written consent of ERZ or the Scheme Manager and/or in contravention of the Scheme of Arrangement) of any such letter of credit, together with information sufficient

to permit the Scheme Manager to assess the propriety of such drawdown, a copy of any letter of credit pursuant to which any such drawdown was made, and provide such notice and other information contemporaneously; and

(b) turnover and account to the Scheme Manager for all funds resulting from such drawdown in excess of amounts expressly authorized by the terms of the letter of credit; and

8.  Except as provided in the Scheme of Arrangement, all Scheme Creditors are required to:

(a) turn over and account to the Scheme Manager for any property of ERZ that is related to the Scheme Business and located within the territorial jurisdiction of the U.S. or any proceeds thereof, of which they have possession, custody or control;

(b) deliver to the Scheme Manager any books, papers or records of ERZ that relate to the Scheme Business, of which they have possession, custody or control and all Scheme Creditors having any books, papers or records that the Scheme Manager or the Scheme Adjudicator may reasonably require in relation to their duties or related to any matter that may affect the implementation of the Scheme of Arrangement shall preserve them and submit them to the Scheme Manager or the Scheme Adjudicator, or their designees, for examination at all reasonable times; and

(c) to the extent that they have a claim of any nature or source against ERZ or its property arising out of the Scheme Business, or are a party to any proceeding involving the Scheme Business, in which ERZ is or was named as a party, or as a result of which a liability of ERZ may be established, notify the Scheme Manager, in accordance with the terms of the Scheme of Arrangement, and put the Petitioner's U.S. counsel on the master

service list (or similar common notice mechanism) of any such proceeding and to take such other steps as may be necessary to ensure that they receive (i) copies of any and all documents sent by the parties to such proceeding or issued by the court, administrator, arbitrator, regulator or similar official having jurisdiction over such proceeding, and (ii) any and all correspondence on other documents circulated to parties named in the master service list (or similar common notice mechanism); and

9. Subject to the terms and provisions of the Scheme of Arrangement, all Scheme Creditors shall be permanently enjoined and restrained from commencing or continuing any act or proceeding against the provider of any letter of credit that has been released by the execution of ERZ of a deed of release in accordance with the terms of the Scheme of Arrangement; and

10. Nothing in the Order would prevent the continuance or commencement of proceedings against ERZ that do not arise out of, involve or relate to the Scheme Business, or that involve any insurer other than ERZ, <u>provided</u>, <u>however</u>, that if any third party shall reach a settlement with, or obtain a judgment against, any person or entity other than ERZ, such settlement or judgment shall not be binding on or enforceable against ERZ to the extent that such settlement or judgment relates to Scheme Business; and

11. This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order or requests for any additional relief in this case filed under chapter 15 of the Bankruptcy Code and all adversary proceedings in connection therewith properly commenced and within the jurisdiction of this Court; and

12. No action taken by the Petitioner, the Scheme Manager, their successors, agents or representatives, or any of their counsel in preparing, disseminating, applying for, implementing or otherwise acting in furtherance of the Scheme of Arrangement, this Order, this

chapter 15 case, any further order for additional relief in this chapter 15 case, or any adversary proceedings in connection therewith shall be deemed to constitute a waiver of the immunity afforded to the Petitioner, the Scheme Manager, the Scheme Adviser, the Scheme Adjudicator, or their successors, agents, attorneys or representatives pursuant to section 1510 of the Bankruptcy Code; and

13. This Order shall be served:

(a) by United States mail, first class postage prepaid, upon all known Scheme Creditors (or their counsel, if known to ERZ) on January 24, 2007;

(b) by publication in *Business Insurance*, *Insurance Day*, *The Financial Times* (UK and international editions), and *The Wall Street Journal* (national edition) in all cases, by February 6, 2007 (or as soon as reasonably practicable thereafter); and

(c) by posting on ERZ's website at www.rgmpool.com;

and such service will be good and sufficient service and adequate notice for all purposes;

14. The Chapter 15 Pleadings shall be made available by the Foreign Representative upon request to ERZ's United States counsel, Clifford Chance US LLP, 31 West 52nd Street, New York, New York 10019 (Attn: Jennifer C. DeMarco); and

15. This case is hereby closed without prejudice to the rights of the Petitioner or any other party in interest to reopen such case should the need arise pursuant to 11 U.S.C. § 350(b).

Dated: New York, New York
   January 22, 2007

                *S/ Robert E. Gerber*
                United States Bankruptcy Judge