# **EXHIBIT K**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------- x
In re                                                          :
                                                               :
GLOBAL GENERAL AND REINSURANCE          : In a Case Under Chapter 15
COMPANY LIMITED                                    :    of the Bankruptcy Code
                                                               :
                                                               : Case No. 11-10327 (RDD)
Debtor in a Foreign Proceeding.
---------------------------------------------------------------- x

**ORDER GRANTING RECOGNITION OF A FOREIGN MAIN PROCEEDING,
PERMANENT INJUNCTION AND RELATED RELIEF**

This matter having come before the Court upon the petition (the "<u>Petition</u>") of Simon Brincklow (the "<u>Petitioner</u>"), in his capacity as the duly authorized foreign representative, as defined in section 101(24) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), of GLOBAL General and Reinsurance Company Limited (the "<u>Company</u>") for the entry of an order granting recognition of a foreign main proceeding, for a permanent injunction and related relief; and upon the Court's issuance of the Order Limiting Notice, Scheduling a Hearing, and Specifying the Time and Manner of Notice, dated February 1, 2011 (the "<u>Scheduling Order</u>"); and upon the Court's review and consideration of, among other things, the Petition under Chapter 15 of the Bankruptcy Code dated January 28, 2011 (the "<u>Chapter 15 Petition</u>"), the Verified Petition under Chapter 15 of the Bankruptcy Code for Recognition of a Foreign Main Proceeding, for a Permanent Injunction and Related

Relief, dated January 28, 2011 (the "Verified Petition"),[1] the Declaration of Geraldine Emma Quirk, English Counsel to the Company, dated January 28, 2011, and the Memorandum of Law in support of Petition under Chapter 15 of the Bankruptcy Code for Recognition of a Foreign Main Proceeding, for a Permanent Injunction and Related Relief, dated January 28, 2011 (collectively, the "Supporting Papers"); and the Petitioner having given notice of the Petition, in accordance with the Scheduling Order, on or before February 2, 2011 and by publication in Business Insurance magazine, Insurance Day magazine and The Wall Street Journal (national edition) on or before February 14, 2011; and such notice being due and sufficient, and no additional notice being required; and there being no opposition to the Motion; and the Court having held a hearing and heard the arguments presented at the hearing held on March 4, 2011; and based on the foregoing, the Court finds and concludes as follows:

1. The Petitioner has demonstrated that:

(a) the Company is subject to a foreign proceeding within the meaning of section 101(23) of the Bankruptcy Code;

(b) the Company is subject to a foreign main proceeding within the meaning of section 1502(4) of the Bankruptcy Code;

(c) the Petitioner is the foreign representative of the Company within the meaning of section 101(24) of the Bankruptcy Code;

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Verified Petition.

(d) the above-referenced Chapter 15 case was properly commenced pursuant to sections 1504 and 1515 of the Bankruptcy Code; and

(e) the Chapter 15 Petition satisfies the requirement of section 1515 of the Bankruptcy Code.

2. The Petitioner has demonstrated that the relief requested, including permanent injunctive relief, is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States and warranted pursuant to section 1521 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 7065;

3. The Petitioner has demonstrated that permanent injunctive relief would not cause any hardships to Scheme Creditors or other parties-in-interest that would not be outweighed by the benefits of such relief and that, unless a permanent injunction is issued, it appears to this Court that one or more persons or entities may take action that is inconsistent with or in contravention of the terms of the Scheme, thereby interfering with, and causing harm to, the efforts of the Petitioner, the Scheme Manager, and the Company to administer the Company's estate and that, as a result, the Company, and its estate and Scheme Creditors would suffer irreparable injury for which there is no adequate remedy at law;

4. The interest of the public will be served by this Court's granting the relief requested by the Petitioner; and

5. Venue is proper in this District pursuant to 28 U.S.C. § 1410.

NOW, THEREFORE, IT IS HEREBY

ORDERED, that the proceedings respecting the Scheme under Part 26 of the Companies Act 2006 of Great Britain (the "Companies Act") in the High Court of Justice of

3

England and Wales (the "<u>High Court</u>") and the Scheme are granted recognition pursuant to section 1517(a) of the Bankruptcy Code; and it is further

ORDERED, that the proceeding respecting the Scheme under the Companies Act in the High Court, and the Scheme, are granted recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code; and it is further

ORDERED, that all relief afforded foreign main proceedings pursuant to section 1520 of the Bankruptcy Code is granted; and it is further

ORDERED, that sections 361 and 362 of the Bankruptcy Code apply with respect to the Company and all of the property of the Company that is within the territorial jurisdiction of the United States in relation to Claims; and it is further

ORDERED, that sections 363, 549, and 552 of the Bankruptcy Code apply to a transfer of an interest of the Company in property that is within the territorial jurisdiction of the United States in relation to Scheme Business to the same extent these sections would apply to property of an estate; and it is further

ORDERED, that the Petitioner may, in accordance with the Scheme, operate the Scheme Business of the Company and may exercise the rights and powers of a trustee under and to the extent provided by sections 363 and 552 of the Bankruptcy Code in relation to such Scheme Business; and it is further

ORDERED, that section 552 of the Bankruptcy Code applies to property of the Company that is within the territorial jurisdiction of the United States; and it is further

ORDERED, that the Scheme (including any modifications or amendments thereto) shall be given full force and effect in the United States, and shall be binding on and enforceable

against any person or entity that is a Scheme Creditor, including, without limitation, against such person or entity in its capacity as a creditor or a debtor of the Company in the United States; and it is further

ORDERED, that a Valuation Statement shall be final and binding on the Company and any person or entity that is a Scheme Creditor, including, without limitation, against such person or entity in its capacity as a creditor or a debtor of the Company in the United States; and it is further

ORDERED, that all Scheme Creditors are permanently enjoined from taking any action in contravention of, or inconsistent with, the Scheme; and it is further

ORDERED, that, except as otherwise provided herein or in the Scheme, all Scheme Creditors are permanently enjoined from seizing, repossessing, transferring, relinquishing or disposing of any property of the Company, or the proceeds thereof, in connection with any Claims in the United States; and it is further

ORDERED, that, except as otherwise provided herein or in the Scheme, all Scheme Creditors are permanently enjoined from: (a) commencing or continuing any Proceedings (including, without limitation, arbitration, mediation or any judicial, quasi-judicial, administrative action, proceeding or process whatsoever) in connection with any Claim, including by way of counterclaim, against the Company or any of its property in the United States, or any proceeds thereof, and seeking discovery of any nature against the Company; (b) enforcing any judicial, quasi-judicial, administrative judgment, assessment or order, or arbitration award obtained in connection with any Claim, and commencing or continuing any Proceedings in connection with any Claim (including, without limitation, arbitration, mediation

or any judicial, quasi-judicial, administrative action, proceeding or process whatsoever) or any counterclaim to create, perfect or enforce any lien, attachment, garnishment, setoff or other claim arising out of a Claim against the Company or any of its property in the United States, or any proceeds thereof, including, without limitation, rights under reinsurance or retrocession contracts; (c) invoking, enforcing or relying on the benefits of any statute, rule or requirement of federal, state, or local law or regulation requiring the Company to establish or post security in the form of a bond, letter of credit or otherwise as a condition of prosecuting or defending any Proceedings (including, without limitation, arbitration, mediation or any judicial, quasi-judicial, administrative action, proceedings or process whatsoever) in connection with any Claim and such statute, rule or requirement will be rendered null and void for Proceedings; (d) drawing down any letter of credit established by, on behalf or at the request of, the Company that relates to a Claim or the Scheme Business in excess of amounts expressly authorized by the terms of the contract or other agreement pursuant to which such letter of credit has been established; and (e) withdrawing from, setting off against, or otherwise applying property that is the subject of any trust or escrow agreement or similar arrangement that relates to a Claim or the Scheme Business in which the Company has an interest in excess of amounts expressly authorized by the terms of the contract and any related trust or other agreement pursuant to which such letter of credit, trust, escrow, or similar arrangement has been established; <u>provided</u>, <u>however</u>, no drawing against any letter of credit shall be made in connection with any commutation unless the amount has been agreed in writing with the Petitioner, the Scheme Manager, or the Company, or permitted by further Order of the Court; and it is further

ORDERED, that nothing in this Order shall in any respect enjoin any police or regulatory act of a governmental unit, including a criminal action or proceeding, in accordance with section 1521(d) of the Bankruptcy Code; and it is further

ORDERED, that, in accordance with the terms of the Scheme, all persons and entities in possession, custody or control of property of the Company or the proceeds thereof, are required to turn over and account for such property or proceeds thereof to the Petitioner, the Company, or the Scheme Manager; and it is further

ORDERED, that all Scheme Creditors that are beneficiaries of letters of credit established by, on behalf or at the request of the Company or parties to any trust, escrow or similar arrangement in which the Company has an interest that relates to a Claim or the Scheme Business, are required to: (a) provide notice to the Petitioner's United States counsel (Chadbourne & Parke LLP, 30 Rockefeller Plaza, New York, NY 10112, Attn: Francisco Vazquez, Esq.) of any drawdown on any letter of credit established by, on behalf or at the request of, the Company or any withdrawal from, setoff against, or other application of property that is the subject of any trust or escrow agreement or similar arrangement in which the Company has an interest, together with information sufficient to permit the Scheme Manager or the Company to assess the propriety of such drawdown, withdrawal, setoff or other application, including, without limitation, the date and amount of such drawdown, withdrawal, setoff or other application and a copy of any contract, related trust or other agreement pursuant to which any such drawdown, withdrawal, setoff, or other application was made, and provide such notice and other information contemporaneously therewith; and (b) turn over and account to the Scheme Manager or the Company for all funds resulting from such drawdown,

withdrawal, setoff, or other application in excess of amounts expressly authorized by the terms of the contract, any related trust or other agreement pursuant to which such letter of credit, trust, escrow or similar arrangement has been established; and it is further

ORDERED, that every Scheme Creditor that has a claim of any nature or source arising out of a Claim or the Scheme Business and that is a party to any action or other legal proceeding (including, without limitation, arbitration or any judicial, quasi-judicial, administrative action, proceeding or process whatsoever) pending in connection with any Claim or Scheme Business in which the Company is or was named as a party, or as a result of which a Claim may be established, is required to place the Company, the Scheme Manager and the Petitioner's United States counsel (Chadbourne & Parke LLP, 30 Rockefeller Plaza, New York, NY 10112, Attn: Francisco Vazquez, Esq.) on the master service list of any such action or other legal proceeding, and to take such other steps as may be necessary to ensure that such counsel receives: (a) copies of any and all documents served by the parties to such action or other legal proceeding or issued by the court, arbitrator, administrator, regulator or similar official having jurisdiction over such action or legal proceeding; and (b) any and all correspondence, or other documents circulated to parties named in the master service list; and it is further

ORDERED, that nothing in this Order shall in any respect prevent the commencement or continuation of proceedings against any person or entity or other insurer other than the Company; *provided*, *however*, that if any third party shall reach a settlement with, or obtain a judgment against, any person or entity other than the Company such settlement or judgment shall not be binding on or enforceable against the Company; and it is further

ORDERED, that, pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure, the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure shall be, and the same hereby are, waived; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, and requests for any additional relief in the Chapter 15 cases and all adversary proceedings in connection therewith properly commenced and within the jurisdiction of this Court; and it is further

ORDERED, that except as otherwise provided herein or in the Scheme, all persons are permanently enjoined from commencing or continuing any Proceedings against the Company, the Petitioner, the Scheme Manager, the Scheme Adviser, the Independent Expert, or any of their respective directors, officers, agent employees, representatives, financial advisers or attorneys (the "Scheme Parties"), or any of them with respect to any claim or cause of action, in law or in equity, which may arise out of the construction or interpretation of the Scheme or out of any action taken or omitted to be taken by any of the Scheme Parties in connection with the administration of the Scheme except as permitted under or in accordance with the Scheme; and it is further

ORDERED, that the High Court has exclusive jurisdiction to hear and determine any suit, action, claim or proceeding and to settle any dispute which may arise out of the construction or interpretation of the Scheme, or out of any action taken or omitted to be taken by any of the Scheme Parties in connection with the administration of the Scheme, except as expressly provided in this Order; provided, however, that in relation to the determination of Claims nothing in this Order affects the validity of provisions determining governing law and

jurisdiction, whether contained in any contract between the Company and any of its Scheme Creditors or otherwise; and it is further

ORDERED, that no action taken by the Company, the Petitioner, the Scheme Adviser, the Scheme Manager, or any of their respective successors, directors, officers, agents, employees, representatives, advisers or attorneys, or any of them, in preparing, disseminating, applying for, implementing or otherwise acting in furtherance of the Scheme, this Order, any further order for additional relief in the ancillary proceedings or cases filed under Chapter 15 of the Bankruptcy Code, or any adversary proceedings in connection therewith as this Court may make, will be deemed to constitute a waiver of the immunity afforded to the Company, the Petitioner, the Scheme Adviser, the Scheme Manager, or any of their respective successors, directors, officers, agents, employees, representatives, advisers or attorneys, pursuant to section 1510 of the Bankruptcy Code; and it is further

ORDERED, that, except as otherwise provided herein or in the Scheme, all persons are permanently enjoined from commencing or continuing any Proceeding against the Petitioner, the Company, or any of their respective successors, directors, officers, agents, employees, representatives, advisers or attorneys (the "Pre-Scheme Parties"), or any of them with respect to any claim or cause of action, in law or in equity, arising out of or relating to any action taken or omitted to be taken as of the Effective Date by any of the Pre-Scheme Parties in connection with the Chapter 15 cases or in preparing, disseminating, applying for or implementing the Scheme or this Order; and it is further

ORDERED, that the Company, the Petitioner, and the Scheme Manager are authorized to transfer to the foreign proceedings for distribution pursuant to the Scheme any

10

monies or assets of the Company which the Company, the Petitioner, or the Scheme Manager have or may hereafter recover; and it is further

ORDERED, that except with respect to the matters over which this Court has expressly retained jurisdiction, the above-referenced Chapter 15 case is hereby closed, subject to it being reopened pursuant to section 350(b) of the Bankruptcy Code; and it is further

ORDERED, that this Order shall be served as follows:

(a) by United States mail, first class postage prepaid, on or before March 11, 2011, upon the known parties-in-interest at the time of such service;

(b) by publication of notice of entry of this Order in <u>Business Insurance</u> magazine, <u>Insurance Day</u> magazine, and <u>The Wall Street Journal</u> (national edition) on or before March 28, 2011; and it is further

ORDERED, that service in accordance with this Order shall be deemed good and sufficient service and adequate notice for all purposes.

Dated: White Plains, New York
March 10, 2011

/s/Robert D. Drain
United States Bankruptcy Judge

11

NY4 - 209757.02