## **EXHIBIT L**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: : | |
| : | In a Case Under |
| **GORDIAN RUNOFF (UK) LIMITED,** : | Chapter 15 of the |
| Formerly GIO (UK) Limited, : | Bankruptcy Code |
| : | |
| Debtor in a Foreign Proceeding. : | Case No.06- 11563(rdd) |
| : | |

**ORDER AND FINAL DECREE GRANTING RECOGNITION**
**OF FOREIGN MAIN PROCEEDING, PERMANENT**
**INJUNCTION AND RELATED RELIEF**
**PURSUANT TO 11 U.S.C. §§ 1517, 1520 AND 1521**

This matter having come before the Court upon the Petition brought pursuant to 11 U.S.C. §§ 1504 and 1515 on behalf of Gordian RunOff (UK) Limited (the "Debtor") by Ian Clark as duly appointed foreign representative of the Debtor for entry of an order granting recognition of a foreign main proceeding, permanent injunction and related relief under Chapter 15 of title 11 of the United States Code (the "Bankruptcy Code") in aid of the Debtor's solvent scheme of arrangement (the "Scheme") pursuant to section 425 of the Companies Act 1985 of England and Wales (the "Companies Act") sanctioned by the High Court of Justice of England and Wales (the "English High Court"); and upon the Court's issuance of the Order Scheduling a Hearing and Specifying the Time and Manner of Notice dated July 12, 2006 (the "Scheduling Order") scheduling a hearing on the relief requested for 10:00 a.m. Eastern Time on August 28, 2006 with all objections to the relief requested required to be filed and served as specified in the Scheduling Order for receipt no later than 4:00 p.m. Eastern Time on August 22, 2006; and no objections to the relief requested having been filed or served; and upon the Court's review and consideration of the Chapter 15 Petition, the Verified Petition, the English Counsel

Declaration, the Memorandum of Points and Authorities in Support of the Chapter 15 Petition, and the Appendix of Exhibits filed in support of the Chapter 15 Petition, all filed with the Court July 11, 2006 (collectively, the "Supporting Papers); and the Foreign Representative having given notice of the Petition, the Hearing, and the deadline for and manner of lodging objection to the Petition in accordance with the Scheduling Order on July 14, 2006, and by publication online on *www.businessinsurance.com* on July 17, 2006 and in print in Business Insurance magazine on July 24, 2006 and in The Wall Street Journal on July 18, 2006; and the English High Court having issued an Order dated August 15, 2006 approving the appointment of Mr. Peter Clarke, Director of Gordian RunOff (UK) Limited as foreign representative (the "Foreign Representative") in place of the original foreign representative, Mr. Ian Clark, for the purpose of seeking relief in proceedings pursuant to Chapter 15 of Title 11 of the United States Code filed July 11, 2006, to be heard by the U.S. Bankruptcy Court August 28, 2006; and the Court having held a hearing and heard arguments by counsel in support of the Chapter 15 Petition on August 28, 2006; and based on the foregoing, and after due deliberation and sufficient cause appearing therefor, the Court finds and concludes as follows:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§ 109 and 1501, and the Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (Ward, Acting C.J.), dated July 10, 1984.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

3. Venue is properly located in this District pursuant to 28 U.S.C. § 1410.

4.  The Foreign Representative is a person pursuant to 11 U.S.C. § 101(41) and is the duly appointed foreign representative of the Debtor pursuant to 11 U.S.C. §§ 101(24) and 1517(a)(2).

5.  The Chapter 15 case was properly commenced pursuant to 11 U.S.C. §§ 1504 and 1515.

6.  The Chapter 15 Petition satisfies the requirements of 11 U.S.C. § 1515.

7.  The proceeding for adoption, sanction and implementation of the scheme of arrangement respecting the Debtor pursuant to Section 425 of the Companies Act 1985 of Great Britain under the jurisdiction and supervision of the English High Court for the adjustment and liquidation of the claims of Scheme Creditors[1] is a foreign proceeding pursuant to 11 U.S.C. § 101(23) (the "Foreign Proceeding").

8.  The Foreign Proceeding is entitled to recognition by this Court pursuant to 11 U.S.C. § 1517(a).

9.  The Foreign Proceeding is pending in the country where the center of main interests of the Debtor is located and, as such, is a foreign main proceeding pursuant to 11 U.S.C. § 1502(4), entitled to recognition as a foreign main proceeding pursuant to 11 U.S.C. § 1517(b)(1).

10. The Foreign Representative is entitled to all relief provided pursuant to 11 U.S.C. § 1520, without limitation.

11. The Foreign Representative is entitled to the relief expressly set forth in 11 U.S.C. §§ 1521(a) and (b) that is granted hereby.

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Verified Petition.

3

12.     The relief granted hereby, including permanent injunctive relief, is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, warranted pursuant to 11 U.S.C. § 1521(e) and Federal Rule of Bankruptcy Procedure 7065, and will not cause any hardship to Scheme Creditors or other parties in interest that is not outweighed by the benefits of granting that relief.

13.     Unless a permanent injunction is issued, one or more persons or entities may take action that is inconsistent with or in contravention of the terms of the Scheme, thereby interfering with, or otherwise causing harm to, the administration, implementation and enforcement of the Scheme, including without limitation the satisfaction of the claims of Scheme Creditors, causing immediate and irreparable harm to the detriment of Scheme Creditors and other parties in interest in the Foreign Proceeding for which there will be no adequate remedy at law, including, *inter alia*, by: (i) commencing or continuing the prosecution of judicial, arbitral, administrative or regulatory actions or proceedings involving property, or the proceeds thereof, of the Debtor located in the territorial jurisdiction of the United States that may be used to satisfy claims in the Foreign Proceeding; (ii) seeking to enforce judicial, quasi-judicial, arbitral, administrative or regulatory actions, assessments, orders or any arbitration awards, and/or commence or continue actions or other legal proceedings to create, perfect, or enforce liens, set-offs, or other claims against such property or proceeds; and (iii) otherwise seeking to obtain, or seeking to retain, custody, possession or control over assets contemplated by the Foreign Proceeding to be available for the implementation of the scheme of arrangement.

14. The interest of the public will be served by this Court's granting the relief requested by the Foreign Representative.

NOW, THEREFORE, IT IS HEREBY:

ORDERED, that the Foreign Proceeding is granted recognition pursuant to 11 U.S.C. § 1517(a); and it is further

ORDERED, that the Foreign Proceeding is granted recognition as a foreign main proceeding pursuant to 11 U.S.C. § 1517(b)(1); and it is further

ORDERED, that all relief afforded foreign main proceedings pursuant to 11 U.S.C. § 1520 is granted; and it is further

ORDERED, that 11 U.S.C. §§ 361 and 362 apply with respect to the Debtor and its property that is within the territorial jurisdiction of the United States; and it is further

ORDERED, that 11 U.S.C. §§ 363, 549 and 552 apply to a transfer of an interest of the Debtor in property that is within the territorial jurisdiction of the United States to the same extent that such sections would apply to property of an estate under 11 U.S.C. § 541(a); and it is further

ORDERED, that the Debtor's foreign representative may operate the Debtor's business and may exercise the rights and powers of a trustee under, and to the extent provided by, 11 U.S.C. §§ 363 and 552; and it is further

ORDERED, that 11 U.S.C. § 552 applies to property of the Debtor that is within the territorial jurisdiction of the United States; and it is further

ORDERED, that the Scheme sanctioned by the English High Court in the Foreign Proceeding shall be given full force and effect and shall be binding on and enforceable in the United States against all persons and entities; and it is further

5

ORDERED, that all persons and entities are hereby permanently enjoined and restrained from taking any actions or steps in the United States in contravention of, or inconsistent with, or to the detriment of, the Foreign Proceeding or the Scheme or its administration, implementation or enforcement, including, *inter alia,* as set forth herein; and it is further

ORDERED, that all persons and entities are permanently enjoined, other than in accordance with the Foreign Proceeding and the Scheme, from commencing or continuing any action or other legal proceeding (including, without limitation, arbitration, or any judicial or quasi-judicial, administrative or regulatory action, proceeding or process whatsoever) or any other proceeding in the United States, in respect of a Scheme Claim or other subject of the Foreign Proceeding or Scheme, against the Debtor, the Foreign Representative, the Scheme Manager, the Scheme Adjudicator, or any estate created by the Foreign Proceeding or the Scheme; and it is further

ORDERED, that all persons and entities are permanently enjoined, other than in accordance with the Foreign Proceeding and the Scheme, from enforcing any judicial, quasi-judicial, administrative or regulatory action, assessment, order or any arbitration award, and commencing or continuing any act or any action or other legal proceeding (including, without limitation, arbitration, or any judicial, quasi-judicial, administrative or regulatory action, proceeding or process whatsoever), to create, perfect, or enforce any lien, set-off, or other claim, in respect of a Scheme Liability or other subject of the Foreign Proceeding or the Scheme, against the Debtor, the Foreign Representative, the Scheme Manager, the Scheme Adjudicator, or any estate created by the Foreign Proceeding or the Scheme; and it is further

6

ORDERED, that all persons and entities are permanently enjoined, other than in accordance with the Foreign Proceeding and the Scheme, from seizing, repossessing, transferring, relinquishing, encumbering or disposing of any property of the Debtor in the United States, or any proceeds thereof, to any person other than the Scheme Managers; and it is further

ORDERED, that, except as prohibited by 11 U.S.C. § 1501(d) respecting deposits, escrows, trust funds, or other security required or permitted under any applicable State insurance law or regulation for the benefit of claim holders in the United States, all persons or entities are permanently enjoined, other than in accordance with the Foreign Proceeding and the Scheme, from invoking, enforcing or relying on the benefit of any statute, rule or requirement of federal, state or local law or regulation requiring the Debtor, the Foreign Representative, the Scheme Manager, the Scheme Adjudicator, or any estate created by the Foreign Proceeding or the Scheme to establish or post security in the form of a bond, letter of credit or otherwise as a condition of prosecuting, defending or appealing any action or other legal proceeding (including, without limitation, arbitration or any judicial, quasi-judicial, administrative or regulatory action, proceeding or process whatsoever) in respect of a Scheme Liability or other subject of the Foreign Proceeding or the Scheme, and the application of such statute, rule or requirement will be rendered null and void for such actions and proceedings; provided, however, that nothing herein shall in any respect affect any existing security or the replacement of such security; and it is further

ORDERED, that, except as prohibited by 11 U.S.C. § 1501(d) respecting deposits, escrows, trust funds, or other security required or permitted under any

7

applicable State insurance law or regulation for the benefit of claim holders in the United States, all persons and entities are permanently enjoined, other than in accordance with the Foreign Proceeding and the Scheme, from drawing down on any letter of credit in excess of amounts expressly authorized pursuant to such letter of credit established by, on behalf of, or at the request of, the Debtor, the Foreign Representative, the Scheme Manager, the Scheme Adjudicator, or any estate created by the Foreign Proceeding or the Scheme in respect of a Scheme Liability or other subject of the Foreign Proceeding or the Scheme, or withdrawing from, setting off against, or otherwise applying property that is the subject of any trust or escrow agreement or similar arrangement in which the Debtor, the Foreign Representative, the Scheme Manager, the Scheme Adjudicator, or any estate created by the Foreign Proceeding or the Scheme has an interest, in excess of amounts expressly authorized by the terms of the contract and any related trust or other agreement pursuant to which such letter of credit, trust escrow, or similar arrangement has been established, provided, however, that no drawing against any letter of credit or trust escrow or similar arrangement shall be made in connection with any commutation unless the amount has been agreed in writing with the Scheme Manager or permitted by further Order of the Court; and it is further

ORDERED, that all Scheme Creditors that are beneficiaries of letters of credit established by, on behalf of, or at the request of the Debtor, or parties to any trust, escrow or similar arrangement in which the Debtor has an interest, are required to: (a) provide notice to the Scheme Manager's United States counsel (Attn: Selinda A. Melnik, Esq., Edwards Angell Palmer & Dodge LLP, 919 North Market Street, Wilmington, Delaware USA 19801, smelnik@eapdlaw.com) of any drawdown on any such letter of credit, or

8

any withdrawal from, setoff against, or other application of property that is the subject of such trust or escrow agreement or similar arrangement, together with information sufficient to permit the Scheme Manager to assess the propriety of such drawdown, withdrawal or setoff or other application, including, without limitation, the date and amount of such drawdown, withdrawal, setoff or other application and a copy of any contract, related trust or other agreement pursuant to which such drawdown, withdrawal, setoff or other application was made, and provide such notice and other information contemporaneously therewith; and (b) turn over and account to the Scheme Manager for all funds resulting from such drawdown, withdrawal, setoff or other application in excess of amounts expressly authorized in accordance with this Order to the extent so provided or otherwise by the terms of the contract, any related trust or other agreement pursuant to which such letter of credit, trust, escrow or similar arrangement has been established; and it is further

ORDERED, that all persons and entities given notice of the Chapter 15 Petition and the Hearing thereon in possession, custody or control of property, or the proceeds thereof, located within the territorial jurisdiction of the United States, of the Debtor or any estate created by the Foreign Proceeding or the Scheme shall forthwith so advise the Foreign Representative by written notice sent to the Scheme Manager at the address provided in the scheme of arrangement and on the scheme website, www.gordianuk.co.uk, which written notice respecting custody, possession or control of property or proceeds shall set forth: (i) the nature of such property or proceeds; (ii) when and how such property or proceeds came into the custody, possession or control of such person or entity; and (iii) the full identity and contact details of such person or entity

9

including, without limitation, the name, title, affiliation, full street address, telephone number, facsimile number and any e-mail address and website for such person or entity; and it is further

ORDERED, that, whether or not a person or entity in such custody, possession or control of the property as set forth above so advises the Foreign Representative as required herein, in the absence of a bona fide dispute, all persons or entities in such custody, possession or control of the property, upon notice and demand by the Foreign Representative or the Scheme Manager acting for the Foreign Representative, are required to, and shall forthwith, turn over and account for such property or proceeds to the Foreign Representative, or to the Scheme Manager acting for the Foreign Representative, for administration and distribution in the Foreign Proceeding in the United Kingdom in accordance with the scheme of arrangement, and it is further

ORDERED, that nothing in this Order shall in any respect prevent the continuation or commencement of proceedings against or involving any person or entity other than the Debtor, the Foreign Representative, the Scheme Manager, the Scheme Adjudicator, or any estate created by the Foreign Proceeding or the Scheme in respect of a Scheme Liability or other subject of the Foreign Proceeding or the Scheme; provided, however, that if any third party shall reach a settlement with, or obtain a judgment against, any person or entity other than the Debtor, the Foreign Representative, the Scheme Manager, the Scheme Adjudicator, or any estate created by the Foreign Proceeding or the Scheme in respect of a Scheme Liability or other subject of the Foreign Proceeding or the Scheme, such settlement or judgment shall not be binding on, or enforceable against, the Debtor, the Foreign Representative, the Scheme Manager, the

Scheme Adjudicator, or any estate created by the Foreign Proceeding or the Scheme; and it is further

ORDERED, that every Scheme Creditor that has a claim of any nature or source arising out of a Scheme Liability and that is or becomes a party to any action or other legal proceeding within the United States (including, without limitation, arbitration or any judicial, quasi-judicial, administrative action, proceeding or process whatsoever) in which the Debtor is or was named as a party, or as a result of which a liability of the Debtor may be established, is required to place the Foreign Representative's United States counsel (Attn: Selinda A. Melnik, Esq., Edwards Angell Palmer & Dodge LLP, 919 North Market Street, Wilmington, Delaware USA 19801, smelnik@eapdlaw.com) on the master service list of any such action or other legal proceeding, and to take such other steps as may be necessary to ensure that such counsel receives: (a) copies of any and all documents served by the parties to such action or other legal proceeding or issued by the court, arbitrator, administrator, regulator or similar official having jurisdiction over such action or legal proceeding; and (b) any and all correspondence or other documents circulated to parties named in the master service list; and it is further

ORDERED, that, pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure, the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure shall be, and the same hereby are, waived; and it is further

ORDERED, that the Foreign Representative is authorized to, as appropriate, seek to examine witnesses, take evidence or seek the delivery of information concerning the assets, affairs, rights, obligations or liabilities of the Debtor, the Foreign Proceeding or the Scheme; and it is further

11

ORDERED, that the Foreign Representative, the Scheme Manager and Scheme Adjudicator are authorized to operate the business that is the subject of the Foreign Proceeding and the Scheme and may exercise the powers of a trustee under and to the extent provided by
11 U.S.C. §§ 363 and 552; and it is further

ORDERED, that, because all identifiable parties in interest wherever located have been served, within the Foreign Proceeding, (a) notice of the procedures, requirements and deadlines for asserting claims under the Scheme as well as a Claim Form, (b) notice that relief under Chapter 15 in aid of the Scheme may be sought by the Foreign Representative, and (c) notice of the website through which Scheme documents and notices might be obtained, the requirements contained in 11 U.S.C. § 1514(c) hereby are deemed to have been fulfilled; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through this Chapter 15 Case, and any request by an entity for relief from the provisions of this Order for cause shown properly commenced and within the jurisdiction of the United States Bankruptcy Court; and it is further

ORDERED, that the English High Court shall have and retain jurisdiction to hear and determine any suit, action, claim or proceeding, and to settle any dispute that may arise out of the construction or interpretation of, or pursuant to, the Scheme; provided, however, that nothing in this Order shall affect the validity of contractual provisions

determining governing law and jurisdiction not otherwise determined by the Scheme or the Foreign Proceeding; and it is further

ORDERED, that the rights of the Foreign Representative, the Scheme Manager, the Scheme Adjudicator, and each of their successors, agents, representatives and counsel to assert that any action taken by the Foreign Representative, the Scheme Manager, the Scheme Adjudicator, or each of their successors, agents, representatives, advisers or counsel, in preparing, disseminating, applying for, implementing or otherwise acting in furtherance of, or in connection with, the Foreign Proceeding, the Scheme, this Order, or this Chapter 15 case, or any adversary proceeding herein, or further proceeding commenced hereunder, should not be deemed to constitute a waiver of the immunity afforded to such persons under 11 U.S.C. §§ 306 and 1510 and the right of any party in interest to contest such an assertion are fully reserved; and it is further

ORDERED, that this case under Chapter 15 is hereby closed, subject to being reopened pursuant to 11 U.S.C. §350(b); and it is further

ORDERED, that a true and correct copy of this Order shall be served by United States mail, first class postage prepaid, on or before September 1, 2006, upon the known parties-in-interest having addresses in the territorial jurisdiction of the United States at the time of such service, including without limitation those Notice Parties specified in this Court's Scheduling Order, and it is further

ORDERED, that service in accordance with this Order is deemed good and sufficient service and adequate notice for all purposes.

Dated: New York, New York
      August 28, 2006

                                    /s/Robert D. Drain
                                    **UNITED STATES BANKRUPTCY JUDGE**

13