# **EXHIBIT M**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------- x
In re                                                                 :

Petition of PRO Insurance Solutions Limited, as        : In a Case Under
foreign representative of GREYFRIARS                     Chapter 15 of the
INSURANCE COMPANY LIMITED, SOVEREIGN : Bankruptcy Code
INSURANCE (UK) LIMITED, ALLIANZ
INSURANCE PLC, HEDDINGTON INSURANCE       : Case Nos. 07-B-12934 (JMP)
(U.K.) LIMITED, MITSUI SUMITOMO                              through 07-B-12944 (JMP)
INSURANCE COMPANY (EUROPE), LIMITED,       : (Jointly Administered)
THE OCEAN MARINE INSURANCE COMPANY
LIMITED, OSLO REINSURANCE COMPANY           :
(UK) LIMITED, THE SEA INSURANCE
COMPANY LIMITED, TOKIO MARINE EUROPE  :
INSURANCE LIMITED, WAUSAU INSURANCE
COMPANY (U.K.) LIMITED, and ALLIANZ              :
GLOBAL CORPORATE & SPECIALTY (FRANCE)

Debtors in a Foreign Proceeding.                                  :
--------------------------------------------------------------------- x

### ORDER GRANTING RECOGNITION OF FOREIGN PROCEEDINGS, PERMANENT INJUNCTION AND RELATED RELIEF

This matter having come before the Court upon the application (the "Application") of PRO Insurance Solutions Limited (the "Petitioner"), in its capacity as the duly authorized foreign representative, as defined in section 101(24) of title 11 of the United States Code (the "Bankruptcy Code") of Greyfriars Insurance Company Limited ("Greyfriars"), Sovereign Insurance (UK) Limited ("Sovereign UK"), Allianz Insurance plc ("Allianz plc"), Heddington Insurance (U.K.) Limited ("Heddington"), Mitsui Sumitomo Insurance Company (Europe), Limited ("Mitsui"), The Ocean Marine Insurance Company Limited ("Ocean Marine"), Oslo Reinsurance Company (UK) Limited ("Oslo"), The Sea Insurance Company Limited ("Sea Insurance"), Tokio Marine Europe Insurance Limited ("Tokio Marine"), Wausau Insurance

Company (U.K.) Limited ("Wausau"), and Allianz Global Corporate & Specialty (France) ("Allianz Global") (together, the "Petitioning Companies")[1] for the entry of an order granting recognition of foreign proceedings, for a permanent injunction and related relief, and upon the Court's issuance of the Order Limiting Notice, Scheduling a Hearing, and Specifying the Time and Manner of Notice, dated September 20, 2007 (the "Scheduling Order"); and upon the Court's review and consideration of, among other things, the Petitions under Chapter 15 of the Bankruptcy Code dated September 18, 2007 (the "Chapter 15 Petitions"), the Verified Petitions under Chapter 15 of the Bankruptcy Code for Recognition of Foreign Proceedings, for a Permanent Injunction and Related Relief, dated September 18, 2007 (the "Verified Petitions"), the Declaration of William Nigel James Montgomery, UK counsel to the Petitioner, dated September 18, 2007, and the Memorandum of Law in support of the Chapter 15 Petition for Recognition of Foreign Proceedings, for a Permanent Injunction and Related Relief, dated September 18, 2007 (collectively, the "Supporting Papers"); and the Petitioner having given notice of the Application, in accordance with the Scheduling Order, on or before September 25, 2007 and by publication on the Website and in Business Insurance magazine, Insurance Day magazine, The New York Times (national edition) and The Wall Street Journal (national edition) on or before October 1, 2007; and having held a hearing and heard the arguments

---

[1] Greyfriars, Sovereign UK, Allianz plc, Heddington, Mitsui, Ocean Marine, Oslo, Sea Insurance, Tokio Marine, and Wausau (but not Allianz Global) are collectively referred to herein as the "UK Petitioning Companies." Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Verified Petitions (as defined herein).

2

presented at the hearing held on October 23, 2007; and based on the foregoing, the Court finds and concludes as follows:

    1.    The Petitioner has demonstrated that:

    (a)    the Petitioning Companies are subject to foreign proceedings within the meaning of section 101(23) of the Bankruptcy Code;

    (b)    the UK Petitioning Companies are subject to foreign main proceedings within the meaning of section 1502(4) of the Bankruptcy Code;

    (c)    Allianz Global is subject to a foreign nonmain proceeding within the meaning of section 1502(5) of the Bankruptcy Code;

    (d)    the Petitioner is the foreign representative of each of the Petitioning Companies within the meaning of section 101(24) of the Bankruptcy Code;

    (e)    the above-referenced Chapter 15 cases were properly commenced pursuant to sections 1504 and 1515 of the Bankruptcy Code; and

    (f)    the Chapter 15 Petitions satisfy the requirement of section 1515 of the Bankruptcy Code.

    2.    The Petitioner has demonstrated that the relief requested, including permanent injunctive relief, is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States and warranted pursuant to section 1521 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 7065;

    3.    The Petitioner has demonstrated that permanent injunctive relief would not cause any hardships to Scheme Creditors of the Petitioning Companies or other parties-in-

interest that would not be outweighed by the benefits of such relief. Unless a permanent injunction is issued, it appears to this Court that one or more persons or entities may take action that is inconsistent with or in contravention of the terms of the Petitioning Companies' Schemes, thereby interfering with, and causing harm to, the efforts of the Scheme Manager to administer the Petitioning Companies' estates, and that as a result, the Petitioning Companies, and their estates and Scheme Creditors will suffer irreparable injury for which there is no adequate remedy at law;

4. The interest of the public will be served by this Court's granting the relief requested by the Petitioner; and

5. Venue is proper in this District pursuant to 28 U.S.C. § 1410.

NOW, THEREFORE, IT IS HEREBY

ORDERED, that the proceedings respecting the Schemes of the Petitioning Companies under the Companies Act 1985 of Great Britain (the "<u>Companies Act</u>") in the High Court of Justice of England and Wales (the "<u>High Court</u>") and the Schemes of the Petitioning Companies are granted recognition pursuant to section 1517(a) of the Bankruptcy Code; and it is further

ORDERED, that the proceedings respecting the Schemes of the UK Petitioning Companies under the Companies Act in the High Court, and the Schemes of the UK Petitioning Companies, are granted recognition as foreign main proceedings pursuant to section 1517(b)(1) of the Bankruptcy Code; and it is further

ORDERED, that the proceeding respecting the Scheme of Allianz Global under the Companies Act before the High Court, and the Scheme of Allianz Global, are granted

4

recognition as foreign nonmain proceedings pursuant to section 1517(b)(2) of the Bankruptcy Code; and it is further

ORDERED, that all relief afforded foreign main proceedings pursuant to section 1520 of the Bankruptcy Code is granted; and it is further

ORDERED, that sections 361 and 362 of the Bankruptcy Code apply with respect to the Petitioning Companies and the property of the Petitioning Companies that is within the territorial jurisdiction of the United States in relation to Scheme Claims; and it is further

ORDERED, that sections 363, 549, and 552 of the Bankruptcy Code apply to a transfer of an interest of a Petitioning Company in property that is within the territorial jurisdiction of the United States and related to the WFUM Pools Business to the same extent these sections would apply to property of an estate; and it is further

ORDERED, that the Petitioner may, in accordance with the Schemes, operate the WFUM Pools Business of the Petitioning Companies and may exercise the rights and powers of a trustee under and to the extent provided by sections 363 and 552 of the Bankruptcy Code in relation to such WFUM Pools Business; and it is further

ORDERED, that the Petitioner may, in accordance with the Schemes, operate all of the business of Greyfriars and Sovereign UK and may exercise the rights and powers of a trustee under and to the extent provided by sections 363 and 552 of the Bankruptcy Code in relation to such business; and it is further

ORDERED, that section 552 of the Bankruptcy Code applies to property of the Petitioning Companies that is within the territorial jurisdiction of the United States and related to the WFUM Pools Business ; and it is further

ORDERED, that section 552 of the Bankruptcy Code applies to all of the property of Greyfriars and Sovereign UK that is within the territorial jurisdiction of the United States; and it is further

ORDERED, that the Petitioning Companies' Schemes (including any modifications or amendments to such Schemes) shall be given full force and effect in the United States, and shall be binding on and enforceable against any person or entity that is a Scheme Creditor of the Petitioning Companies, including, without limitation, against such person or entity in its capacity as a debtor of a Scheme Company in the United States; and it is further

ORDERED, that a Valuation Statement, including all amounts (including, without limitation, Scheme Debt) determined by the Scheme Adjudicator, Scheme Actuary, or Actuarial Adjudicator, shall be final and binding on the Petitioning Companies subject to sanctioned and effective Schemes and any person or entity that is a Scheme Creditor of a Petitioning Company, including, without limitation, against such person or entity in its capacity as a debtor of a Scheme Company in the United States; and it is further

ORDERED, that all Scheme Creditors of any Petitioning Company are permanently enjoined from taking any action in contravention of, or inconsistent with, the sanctioned and effective Schemes; and it is further

ORDERED, that, in accordance with clause 2.8.4 of the Schemes, all Scheme Creditors of any Petitioning Company must abide by, and be bound by, the terms of the sanctioned and effective Schemes; and it is further

ORDERED, that, except as otherwise provided herein or in the Schemes, all Scheme Creditors of any Petitioning Company are permanently enjoined from seizing,

repossessing, transferring, relinquishing or disposing of any property of any Scheme Company subject to a sanctioned and effective Scheme, or the proceeds thereof, in connection with any Scheme Claims in the United States; and it is further

ORDERED, that, in accordance with the Schemes, all Scheme Creditors of any Petitioning Company are permanently enjoined from: (a) commencing or continuing any Proceedings (including, without limitation, arbitration, mediation or any judicial, quasi-judicial, administrative action, proceeding or process whatsoever) in connection with any Scheme Claim, including by way of counterclaim, against a Scheme Company subject to a sanctioned and effective Scheme, or any of its property in the United States, or any proceeds thereof, and seeking discovery of any nature against such Scheme Company; (b) enforcing any judicial, quasi-judicial, administrative judgment, assessment or order, or arbitration award obtained in connection with any Scheme Claim, and commencing or continuing any Proceedings in connection with any Scheme Claim (including, without limitation, arbitration, mediation or any judicial, quasi-judicial, administrative action, proceeding or process whatsoever) or any counterclaim to create, perfect or enforce any lien, attachment, garnishment, setoff or other claim arising out of a Scheme Claim against any Scheme Company subject to a sanctioned and effective Scheme or any of its property in the United States, or any proceeds thereof, including, without limitation, rights under reinsurance or retrocession contracts; (c) invoking, enforcing or relying on the benefits of any statute, rule or requirement of federal, state, or local law or regulation requiring a Scheme Company subject to a sanctioned and effective Scheme to establish or post security in the form of a bond, letter of credit or otherwise as a condition of prosecuting or defending any Proceedings (including, without limitation, arbitration, mediation

or any judicial, quasi-judicial, administrative action, proceedings or process whatsoever) in connection with any Scheme Claim and such statute, rule or requirement will be rendered null and void for Proceedings; provided, however, that nothing in this Order shall in any respect (i) affect any Security or the replacements for such Security or (ii) enjoin any policy or regulatory act of a governmental unit, including a criminal action or proceeding, in accordance with section 1521(d) of the Bankruptcy Code; (d) drawing down any letter of credit established by, on behalf or at the request of, a Scheme Company subject to a sanctioned and effective Scheme, that relates to a Scheme Claim or the WFUM Pool Business in excess of amounts expressly authorized by the terms of the contract or other agreement pursuant to which such letter of credit has been established; and (e) withdrawing from, setting off against, or otherwise applying property that is the subject of any trust or escrow agreement or similar arrangement that relates to a Scheme Claim or the WFUM Pool Business in which a Scheme Company subject to a sanctioned and effective Scheme has an interest in excess of amounts expressly authorized by the terms of the contract and any related trust or other agreement pursuant to which such letter of credit, trust, escrow, or similar arrangement has been established; provided, however, no drawing against any letter of credit shall be made in connection with any commutation unless the amount has been agreed in writing with the Petitioner or the Scheme Manager or permitted by further Order of the Court; and it is further

ORDERED, that, in accordance with the terms of the Schemes, all persons and entities in possession, custody or control or property of the Petitioning Companies or the proceeds thereof, are required to turn over and account for such property or proceeds thereof to the Petitioning Companies or the Scheme Manager; and it is further

ORDERED, that all Scheme Creditors of the Petitioning Companies that are beneficiaries of letters of credit established by, on behalf or at the request of a Scheme Company subject to a sanctioned and effective Scheme or parties to any trust, escrow or similar arrangement in which a Scheme Company subject to a sanctioned and effective Scheme has an interest that relates to a Scheme Claim or the WFUM Pool Business, are required to: (a) provide notice to the Petitioner's United States counsel (Chadbourne & Parke LLP, 30 Rockefeller Plaza, New York, NY 10112, Attn: Francisco Vazquez, Esq. and, with respect to Greyfriars and Sovereign UK, notice should also be sent to Allen & Overy LLP, 1221 Avenue of the Americas, New York, NY 10020, Attn: Stephen Doody, Esq.) of any drawdown on any letter of credit established by, on behalf or at the request of, a Scheme Company subject to a sanctioned and effective Scheme, or any withdrawal from, setoff against, or other application of property that is the subject of any trust or escrow agreement or similar arrangement in which a Scheme Company subject to a sanctioned and effective Scheme has an interest, together with information sufficient to permit the Scheme Manager to assess the propriety of such drawdown, withdrawal, setoff or other application, including, without limitation, the date and amount of such drawdown, withdrawal, setoff or other application and a copy of any contract, related trust or other agreement pursuant to which any such drawdown, withdrawal, setoff, or other application was made, and provide such notice and other information contemporaneously therewith; and (b) turn over and account to the Scheme Manager for all funds resulting from such drawdown, withdrawal, setoff, or other application in excess of amounts expressly authorized by the terms of the contract, any related trust or other agreement pursuant to which such letter of credit, trust, escrow or similar arrangement has been established; and it is further

ORDERED, that every Scheme Creditor of the Petitioning Companies that has a claim of any nature or source arising out of a Scheme Claim or the WFUM Pool Business and that is a party to any action or other legal proceeding (including, without limitation, arbitration or any judicial, quasi-judicial, administrative action, proceeding or process whatsoever) pending in connection with any Scheme Claim or WFUM Pool Business in which a Scheme Company subject to a sanctioned and effective Scheme is or was named as a party, or as a result of which a Scheme Claim may be established, is required to place such Scheme Company, the Scheme Manager and the Petitioner's United States counsel (Chadbourne & Parke LLP, 30 Rockefeller Plaza, New York, NY 10112, Attn: Francisco Vazquez, Esq., and with respect to Greyfriars and Sovereign UK, notice should also be sent to Allen & Overy LLP, 1221 Avenue of the Americas, New York, NY 10020, Attn: Stephen Doody, Esq.) on the master service list of any such action or other legal proceeding, and to take such other steps as may be necessary to ensure that such counsel receives: (a) copies of any and all documents served by the parties to such action or other legal proceeding or issued by the court, arbitrator, administrator, regulator or similar official having jurisdiction over such action or legal proceeding; and (b) any and all correspondence, or other documents circulated to parties named in the master service list; and it is further

ORDERED, that nothing in this Order shall in any respect prevent the commencement or continuation of proceedings against any person or entity or other insurer other than the Scheme Companies subject to sanctioned and effective Schemes; <u>provided</u>, <u>however</u>, that if any third party shall reach a settlement with, or obtain a judgment against, any person or entity other than the Scheme Companies subject to sanctioned and effective Schemes,

such settlement or judgment shall not be binding on or enforceable against any of the Scheme Companies; and it is further

ORDERED, that, pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure, the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure shall be, and the same hereby are, waived; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, and requests for any additional relief in the Chapter 15 cases and all adversary proceedings in connection therewith properly commenced and within the jurisdiction of this Court; and it is further

ORDERED, that except as otherwise provided herein or in the Schemes, all persons are permanently enjoined from commencing or continuing any Proceedings against the Scheme Companies subject to sanctioned and effective Schemes, the Scheme Manager, the Scheme Adviser, or any of their respective directors, officers, agent employees, representatives, financial advisers or attorneys (the "Scheme Parties"), or any of them with respect to any claim or cause of action, in law or in equity, which may arise out of the construction or interpretation of the Schemes or out of any action taken or omitted to be taken by any of the Scheme Parties in connection with the administration of the Schemes; and it is further

ORDERED, that the High Court has exclusive jurisdiction to hear and determine any suit, action, claim or proceeding and to settle any dispute which may arise out of the construction or interpretation of the Schemes, or out of any action taken or omitted to be taken by any of the Scheme Parties in connection with the administration of the Schemes; provided, however, that in relation to the determination of Scheme Claims nothing in this Order affects

the validity of provisions determining governing law and jurisdiction, whether contained in any contract between a Scheme Company and any of its Scheme Creditors or otherwise; and it is further

ORDERED, that no action taken by the Petitioning Companies, the Petitioner, the Scheme Adviser, the Scheme Manager, their respective successors, directors, officers, agents, employees, representatives, advisers or attorneys, or any of them, in preparing, disseminating, applying for, implementing or otherwise acting in furtherance of the Schemes, this Order, any further order for additional relief in the ancillary proceedings or cases filed under Chapter 15 of the Bankruptcy Code, or any adversary proceedings in connection therewith as the Bankruptcy Code may make, will be deemed to constitute a waiver of the immunity afforded to the Petitioning Companies, the Petitioner, the Scheme Advisor, the Scheme Manager, their respective successors, directors, officers, agents, employees, representatives, advisers or attorneys, pursuant to section 1510 of the Bankruptcy Code; and it is further

ORDERED, that, except as otherwise provided herein or in the Schemes, all persons are permanently enjoined from commencing or continuing any Proceeding against the Petitioning Companies, the Scheme Adviser, the Scheme Manager, or any of their respective successors, directors, officers, agents, employees, representatives, advisers or attorneys (the "Pre-Scheme Parties"), or any of them with respect to any claim or cause of action, in law or in equity, arising out of or relating to any action taken or omitted to be taken as of the Effective Date by any of the Pre-Scheme Parties in connection with the Chapter 15 cases or in preparing, disseminating, applying for or implementing the Schemes or this Order; and it is further

ORDERED, that the Petitioning Companies and the Scheme Manager are authorized to transfer to the foreign proceedings for distribution pursuant to the Schemes any monies or assets of the Petitioning Companies which the Petitioning Companies, or the Scheme Manager have or may hereafter recover; and it is further

ORDERED, that except with respect to the matters over which this Court has expressly retained jurisdiction, the above-referenced Chapter 15 cases are hereby closed, subject to it being reopened pursuant to section 350(b) of the Bankruptcy Code; and it is further

ORDERED, that this Order shall be served as follows:

(a) by United States mail, first class postage prepaid, on or before October 30, 2007, upon the known parties-in-interest at the time of such service;

(b) by publication on the Website; and

(c) by publication of notice of entry of this Order in <u>Business Insurance</u> magazine, <u>Insurance Day</u> magazine, <u>The New York Times</u> (national edition) and <u>The Wall Street Journal</u> (national edition) on or before November 12, 2007; and it is further

ORDERED, that service in accordance with this Order shall be deemed good and sufficient service and adequate notice for all purposes.

Dated: New York, New York
   October 23, 2007

                 *s/ James M. Peck*
                 United States Bankruptcy Judge