# **EXHIBIT P**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------- x
In re                                       :
                                            :
ING Re (UK) Limited,                        :   In a case under Chapter 15
                                            :   of the Bankruptcy Code
                                            :
                                            :   Case No. 08-10018 (REG)
                                            :
Debtor in a Foreign Proceeding              :
------------------------------------------- x

### ORDER RECOGNIZING FOREIGN MAIN PROCEEDING
### OF ING RE (UK) LIMITED AND PERMANENT INJUNCTION

This matter having come before the Court upon the petition for recognition of a foreign main proceeding (the "Verified Petition") commencing this chapter 15 case, the Verified Petition for Recognition of a Foreign Main Proceeding and Motion for a Permanent Injunction and Related Relief Pursuant to 11 U.S.C. §§ 1504, 1515, 1517, 1520, 1521 (the "Petition and Motion"), the Memorandum of Law in Support of the Petition and Motion (the "Memorandum of Law"), the Declaration of Michael Larry Emerson in Support of the Petition and Motion, (the "Emerson Declaration"), the Statement of Foreign Representative Pursuant to 11 U.S.C. § 1515(c) Identifying Foreign Proceedings (the "Section 1515(c) Statement") and the List Pursuant to Fed. R. Bankr. P. 1007(a)(4) (the "Bankruptcy Rule 1007(a)(4) List" and together with the Verified Petition, the Petition and Motion, the Memorandum of Law, the Emerson Declaration and the Section 1515(c) Statement, the "Chapter 15 Pleadings") each filed on January 4, 2008 by or on behalf of Michael Larry Emerson (the "Petitioner") on behalf ING Re (UK) Limited (the "Company") in his capacity as the duly appointed foreign representative of the Company, a debtor in a proceeding relating to the adjustment of debts, namely a scheme of arrangement (the "Scheme of Arrangement"), under section 425 of the Companies Act of 1985

NYA874627.4

(the "English Proceeding") before the High Court of Justice of England and Wales (the "English Court"); the English Court having approved the Scheme of Arrangement by a sanction order dated January 23, 2008 (the "Sanction Order"); the Court having reviewed and considered the Chapter 15 Pleadings; due and timely notice of the filing of the Chapter 15 Pleadings having been given pursuant to the Order Scheduling Hearing and Specifying the Form and Manner of Service and Notice, dated January 7, 2008, which notice is deemed adequate for all purposes such that no other or further notice thereof need be given; no objections or other responses having been filed thereto; ~~that have not been overruled, withdrawn or otherwise resolved;~~ all interested parties having had due and proper notice and an opportunity to be heard and after due deliberation and sufficient cause appearing therefor, the Court hereby FINDS AND CONCLUDES THAT:

    A.    This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Standing Order of referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (Ward, Acting C.J.), dated July 10, 1984.

    B.    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

    C.    Venue is proper in this District pursuant to 28 U.S.C. § 1410.

    D.    This case was properly commenced pursuant to 11 U.S.C. §§ 1504 and 1517.

    E.    The Verified Petition meets the requirements of 11 U.S.C. § 1515.

    F.    The English Proceeding is entitled to recognition by this Court pursuant to 11 U.S.C. §§ 1515 and 1517(a).

G. The English Proceeding is a foreign proceeding within the meaning of 11 U.S.C. § 101(23).

H. The English Proceeding is pending in the U.K., which is the country where the center of the main interests of the Company is located and as such, is entitled to recognition as a foreign main proceeding pursuant to 11 U.S.C. §§ 1502(4) and 1517(b)(1).

I. The Petitioner is a person and the duly appointed foreign representative of the Company within the meaning of 11 U.S.C. § 101(24) (the "Foreign Representative").

J. On January 23, 2008, the English Court issued the Sanction Order, which sanctioned the Scheme of Arrangement of the Company. Pursuant to the terms of the Scheme of Arrangement, the Sanction Order will become effective on the date on which an office copy of the Sanction Order is delivered for registration to the Registrar of Companies in England and Wales (the "Effective Date").

K. The Foreign Representative is entitled to all of the relief set forth in 11 U.S.C. § 1520.

L. Absent permanent injunctive relief, it appears to this Court that one or more parties in interest may commence or continue the prosecution of judicial, quasi-judicial, arbitration, administrative or regulatory actions or proceedings in connection with a claim against the Company or its property in the U.S., thereby interfering with and causing harm to the English Proceeding and as a result, the Foreign Representative, the Company, its creditors and its estate would suffer immediate and irreparable injury for which there is no adequate remedy at law.

3

M. Absent permanent injunctive relief, the English Proceeding and the Company's efforts in consummating the Scheme of Arrangement may be thwarted by actions of certain creditors, a result inimical to the purposes of Chapter 15 as reflected, inter alia, in section 1501(a). Such actions may threaten, frustrate, delay and ultimately jeopardize the English Proceeding and the implementation of the Scheme of Arrangement.

N. The relief sought in the Petition and Motion will not cause undue hardship or inconvenience to parties in interest and, to the extent that any hardship or inconvenience may result, such hardship or inconvenience will be outweighed by the benefits to the Company, its estate and its creditors.

O. The relief sought in the Petition and Motion is necessary to effectuate the purposes of Chapter 15, to protect the Company and the interests of its creditors, and is not manifestly contrary to the public policy of the U.S.

P. The Petitioner is entitled to the relief set forth herein under 11 U.S.C. § 1521.

For all of the foregoing reasons, and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT, UPON THE EFFECTIVE DATE:**

1. The English Proceeding is granted recognition as a foreign proceeding as defined in 11 U.S.C. § 101(23) and pursuant to 11 U.S.C. § 1517(a); and

2. The English Proceeding is granted recognition as a foreign main proceeding pursuant to 11 U.S.C. § 1517(b)(1); and

4

3. The Petitioner is the duly appointed foreign representative of the Company within the meaning of 11 U.S.C. § 101(24) (the "Foreign Representative"); and

4. The Scheme of Arrangement shall be given full force and effect and be binding on and enforceable against all Scheme Creditors[1] in the U.S.; and

5. All claims of Scheme Creditors shall be adjudicated pursuant to the terms of the Scheme of Arrangement; and

6. Except as provided in the Scheme of Arrangement, all Scheme Creditors are permanently enjoined and restrained from:

    (a) taking or continuing any act to obtain possession of, or exercise control over, the Company or any of its property that is located within the territorial jurisdiction of the U.S. or any proceeds thereof ("Property");

    (b) transferring, relinquishing or disposing of any Property of the Company;

    (c) commencing or continuing any action or legal proceeding (including, without limitation, arbitration, mediation or any judicial, quasi-judicial, administrative or regulatory action, proceedings or process whatsoever), including by way of counterclaim, (each individually, an "Action") against the Company or any of its Property or seeking discovery of any nature against the Company;

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Scheme of Arrangement.

5

(d)     commencing or continuing any act or Action to create, perfect or enforce any lien, set-off or other claim against the Company or any of its Property including, without limitation, rights under insurance, reinsurance or retrocession contracts;

(e)     invoking, enforcing or relying on the benefits of any statute, rule or requirement of federal, state or local law or regulation requiring the Company to establish or post security in the form of a bond, letter of credit or otherwise as a condition of prosecuting or defending any Action and such statute, rule or requirement shall not apply to the Company as party to any Action; provided, however, that nothing in this Order shall in any respect affect any security in existence at the Effective Date or the replacements for such security;

(f)     drawing down any letter of credit established by, on behalf of or at the request of the Company unless expressly authorized by the terms of any agreement pursuant to which the letter of credit has been established;

(g)     withdrawing from, setting off against, or otherwise applying property that is the subject of any trust or escrow agreement or similar arrangement in which the Company has an interest in excess of amounts expressly authorized by the terms of the contract and any related trust or other agreement pursuant to which such trust, escrow or similar arrangement has been established; and

(h)     declaring, considering or treating the filing of the Chapter 15 Pleadings or the Scheme of Arrangement a default or event of default under any agreement, contract or arrangement; and

6

7. Except as provided in the Scheme of Arrangement, all Scheme Creditors that are parties to any trust, escrow agreement or similar arrangement in which the Company has an interest, are required to:

(a) provide notice to the Foreign Representative's U.S. counsel, Clifford Chance US LLP, 31 West 52nd Street, New York, New York 10019 (Attn: Sara M. Tapinekis), of any withdrawal from, set-off against, or other application of property that is the subject of any such trust or escrow agreement or similar arrangement in which the Company has an interest, together with information sufficient to permit the Foreign Representative to assess the propriety of such withdrawal, set-off or other application, including, without limitation, the date and amount of such withdrawal, set-off or other application and a copy of any contract, related trust or other agreement pursuant to which any such withdrawal, set-off or other application was made, and provide such notice and other information contemporaneously; and

(b) turn over and account to the Foreign Representative for all funds resulting from such withdrawal, set-off or other application in excess of amounts expressly authorized by the terms of the contract, any related trust or other agreement pursuant to which such trust, escrow or similar arrangement has been established; and

8. Except as provided in the Scheme of Arrangement, all Scheme Creditors that are beneficiaries of letters of credit established by, on behalf, or at the request, of the Company are required to:

7

(a) provide notice to the Foreign Representative's U.S. counsel of any drawdown (without the express written consent of the Company and/or in contravention of the Scheme of Arrangement) of any such letter of credit, together with information sufficient to permit the Foreign Representative to assess the propriety of such drawdown and a copy of any letter of credit pursuant to which any such drawdown was made, and provide such notice and other information contemporaneously; and

(b) turn over and account to the Foreign Representative for all funds resulting from such drawdown; and

9. Except as provided in the Scheme of Arrangement, all Scheme Creditors are required to:

(a) turn over and account to the Foreign Representative for any Property of the Company of which they have possession, custody or control;

(b) deliver to the Foreign Representative any books, papers or records of the Company of which they have possession, custody or control and all Scheme Creditors having any books, papers or records that the Company or the Foreign Representative may reasonably require in relation to their duties or related to any matter that may affect the implementation of the Scheme of Arrangement shall preserve them and submit them to the Foreign Representative or its designees for examination at all reasonable times; and

(c) to the extent that they have a claim of any nature or source against the Company or any Property of the Company or are a party to any Action in which the Company is or was named as a party, or as a result of which a liability of the Company

8

may be established, notify the Foreign Representative and put the Foreign Representative's U.S. counsel on the master service list (or similar common notice mechanism) of any such Action and take such other steps as may be necessary to ensure that they receive (i) copies of any and all documents sent by the parties to such Action or issued by the court, administrator, arbitrator, regulator or similar official having jurisdiction over such Action, and (ii) any and all correspondence on other documents circulated to parties named in the master service list; and

10. Subject to the terms and provisions of the Scheme of Arrangement, all Scheme Creditors shall be permanently enjoined and restrained from commencing or continuing any act or Action against the provider of any letter of credit that has been released by the execution of a deed of release as provided for in the Scheme of Arrangement; and

11. Nothing in this Order shall prevent the continuance or commencement of an Action against any insurer other than the Company, provided however, that if any third party shall reach a settlement with, or obtain a judgment against, any person or entity other than the Company, such settlement or judgment shall not be binding on or enforceable against the Company; and

12. This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order or requests for any additional relief in this case filed under Chapter 15 of the Bankruptcy Code and all adversary proceedings in connection therewith properly commenced and within the jurisdiction of this Court; and

13. No action taken by the Company, the Foreign Representative, their successors, agents, representatives or counsel in preparing, disseminating, applying for, implementing or otherwise acting in furtherance of the Scheme of Arrangement, this Order, this Chapter 15 case, any further order for additional relief in this Chapter 15 case, or any adversary proceedings in connection therewith, will be deemed to constitute a waiver of the immunity afforded to the Company, the Foreign Representative or their successors, agents, attorneys or representatives pursuant to section 1510 of the Bankruptcy Code; and

14. This Order shall be served:

(a) by U.S. mail, first class postage prepaid, upon all known Scheme Creditors of whose address the Company is aware (or their counsel, if known to the Company) on or by January 31, 2008; and

(b) by publication in *Insurance Day*, the U.K. and international editions of the *Financial Times* and the national edition of *The Wall Street Journal* on February 7, 2008 (or as soon as reasonably practicable thereafter);

(c) and such service will be good and sufficient service and adequate notice for all purposes; and

15. The Chapter 15 Pleadings shall be made available by the Foreign Representative upon request to the Foreign Representative's U.S. counsel, Clifford Chance US LLP, 31 West 52nd Street, New York, New York 10019 (Attn: Sara M. Tapinekis); and

16.     This case is hereby closed without prejudice to the rights of the Petitioner or any other party in interest to reopen such case should the need arise pursuant to 11 U.S.C. § 350(b).

Dated:  New York, New York
        ***January 30, 2008***

                                        ***S/ Robert E. Gerber***
                                        United States Bankruptcy Judge

11

NYA874627.4