**EXHIBIT Q**

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| In re: | : |
| | : |
| Petition of Jeffrey John Lloyd, as Foreign Representative | : Chapter 15 |
| of United Kingdom Foreign Proceeding respecting | : Case No.: 05-60100 (BRL) |
| United Kingdom marine insurance Account known as | : |
| the MMA Account, written by Les Mutuelles du Mans | : |
| Assurances IARD, the United Kingdom branch of | : |
| La Mutuelle du Mans Assurances IARD**,** f/k/a | : |
| Les Mutuelles du Mans IARD, f/k/a | : |
| La Mutuelle Générale Française Accidents, | : |
| | : |
| Debtor in a Foreign Proceeding. | : |

---

**ORDER GRANTING RECOGNITION AND RELIEF
IN AID OF FOREIGN MAIN PROCEEDING
PURSUANT TO 11 U.S.C. §§ 1517, 1520 1521**

A hearing having been held before the Court on December 7, 2005 (the "Hearing") to consider the Chapter 15 Petition for recognition and relief, including injunctive relief, in aid of a foreign proceeding, filed November 11, 2005, pursuant to 11 U.S.C. §§ 1504 and 1515, by Jeffrey John Lloyd, as foreign representative (the "Petitioner") of the United Kingdom proceeding concerning the solvent scheme of arrangement sanctioned October 28, 2005, by the High Court of Justice of England and Wales (the "UK High Court") respecting that certain marine insurance Account known as the MMA Account, the debtor in the foreign proceeding, written by Les Mutuelles du Mans Assurances IARD, the United Kingdom Branch of La Mutuelle du Mans Assurances IARD**,** f/k/a Les Mutuelles du Mans IARD, f/k/a La Mutuelle Générale Française Accidents, (the "MMA"); and due and timely notice of the filing of the Chapter 15 Petition and the Hearing thereon having been given by the Petitioner by publication in relevant domestic and international publications and by direct notice by mail made by the

Petitioner individually to all known parties in interest, wherever located, which notice was adequate for all purposes such that no other or further notice thereof need be given; and the Court having considered and reviewed all other pleadings and exhibits submitted by the Petitioner in support of the Chapter 15 Petition; and no objections or other responses having been filed thereto; and all interested parties having had due and proper notice and an opportunity to be heard; and the Court having heard arguments by counsel appearing at the Hearing; and after due deliberation and sufficient cause appearing therefore, the Court finds and concludes as follows:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, 11 U.S.C. §§ 109 and 1501, and the Standing Order of Referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (Ward, Acting C.J.), dated July 10, 1984.

2. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

3. Venue is properly located in this District pursuant to 28 U.S.C. § 1410.

4. The Petitioner is a person pursuant to 11 U.S.C. § 101(41) and is the duly appointed foreign representative of the debtor pursuant to 11 U.S.C. § 101(24).

5. The Chapter 15 case properly was commenced pursuant to 11 U.S.C. §§ 1504 and 1515.

6. The Chapter 15 Petition meets the requirements of 11 U.S.C. § 1515.

7. The proceeding for adoption, sanction and implementation of the solvent scheme of arrangement respecting the debtor pursuant to Section 425 of the Companies Act of 1985 of Great Britain under the jurisdiction and supervision of the UK High Court

for the adjustment and liquidation of the claims of Scheme Creditors[1] is a foreign proceeding pursuant to 11 U.S.C. § 101(23) (the "Foreign Proceeding").

8. The Foreign Proceeding is entitled to recognition by this Court pursuant to 11 U.S.C. § 1517.

9. The Foreign Proceeding is pending in the country where the center of main interests of the debtor is located and, as such, is a foreign main proceeding pursuant to 11 U.S.C. § 1502(4) entitled to recognition as a foreign main proceeding pursuant to 11 U.S.C. § 1517(b)(1).

10. The Petitioner is entitled to all relief provided pursuant to 11 U.S.C. § 1520 without limitation.

11. The Petitioner further is entitled to the relief expressly set forth in 11 U.S.C. §§ 1521(a) and (b) and as granted hereby.

12. The relief granted hereby, including permanent injunctive relief, is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, warranted pursuant to 11 U.S.C. § 1521 and Federal Rule of Bankruptcy Procedure 7065, and will not cause any hardship to Scheme Creditors or other parties in interest that is not outweighed by the benefits of granting that relief.

13. Unless an injunction is issued, one or more parties may interfere with, or otherwise cause harm to, the administration, implementation and enforcement of the scheme of arrangement, including the satisfaction of the claims of Scheme Creditors, causing immediate and irreparable harm to the detriment of Scheme Creditors and other

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to them in the Verified Petition filed November 11, 2005 contemporaneously with and in further support for the Chapter 15 Petition.

3

parties in interest in the Foreign Proceeding for which there will be no adequate remedy at law, including, *inter alia*, by: (i) commencing or continuing the prosecution of judicial, arbitral, administrative or regulatory actions or proceedings involving property, or the proceeds thereof, of, without limitation, MMA located in the territorial jurisdiction of the United States that may be used to satisfy claims in the Foreign Proceeding; (ii) seeking to enforce judicial, quasi-judicial, arbitral, administrative or regulatory actions, assessments, orders or any arbitration awards, and/or commence or continue actions or other legal proceedings to create, perfect, or enforce liens, set-offs, or other claims against such property or proceeds; and (iii) otherwise seeking to obtain, or seeking to retain, custody, possession or control over assets contemplated by the Foreign Proceeding to be available for the implementation of the scheme of arrangement.

NOW, THEREFORE, IT IS HEREBY:

ORDERED that the Foreign Proceeding is granted recognition pursuant to 11 U.S.C. § 1517(a); and it is further

ORDERED that the Foreign Proceeding is granted recognition as a foreign main proceeding pursuant to 11 U.S.C. § 1517(b)(1).

ORDERED that the scheme of arrangement sanctioned by the UK High Court in the Foreign Proceeding shall be given full force and effect and be binding on and enforceable in the United States against all persons and entities; and it is further

ORDERED that all persons and entities are hereby permanently enjoined and restrained from taking any actions or steps in the United States inconsistent with, or to the detriment of, the Foreign Proceeding or the scheme of arrangement or its administration, implementation or enforcement, including, *inter alia,* as set forth herein; and it is further

4

ORDERED that all persons and entities, other than in accordance with the Foreign Proceeding and the scheme of arrangement, are permanently enjoined from commencing or continuing any action or other legal proceeding (including, without limitation, arbitration, or any judicial or quasi-judicial, administrative or regulatory action, proceeding or process whatsoever) or any other proceeding in the United States, in respect of a Scheme Claim or other subject of the Foreign Proceeding or scheme of arrangement, against the debtor, the Petitioner, the Scheme Advisers, the Scheme Adjudicator, any estate created by the Foreign Proceeding or scheme of arrangement, or MMA or its property or the proceeds thereof contemplated by the Foreign Proceeding or scheme of arrangement to be available for the administration, implementation or enforcement of the scheme of arrangement; and it is further

ORDERED that all persons and entities, other than in accordance with the Foreign Proceeding and the scheme of arrangement, are permanently enjoined from enforcing any judicial, quasi-judicial, administrative or regulatory action, assessment, order or any arbitration award, and commencing or continuing any act or any action or other legal proceeding (including, without limitation, arbitration, or any judicial, quasi-judicial, administrative or regulatory action, proceeding or process whatsoever), to create, perfect, or enforce any lien, set-off, or other claim, in respect of a Scheme Claim or other subject of the Foreign Proceeding or scheme of arrangement, against the debtor, the Petitioner, the Scheme Advisers, the Scheme Adjudicator, any estate created by the Foreign Proceeding or scheme of arrangement, or MMA or its property or the proceeds thereof contemplated by the Foreign Proceeding or scheme of arrangement to be

available for the implementation, administration or enforcement of the scheme of arrangement; and it is further

ORDERED that all persons and entities, other than in accordance with the Foreign Proceeding and the scheme of arrangement, are permanently enjoined from transferring, encumbering or otherwise disposing of any assets of the debtor, any estate created by the Foreign Proceeding or scheme of arrangement, or of MMA contemplated by the Foreign Proceeding or the scheme of arrangement to be available for the implementation, administration or enforcement of the scheme of arrangement; and it is further

ORDERED that, except as prohibited by 11 U.S.C. § 1501(d) respecting deposits, escrows, trust funds, or other security required or permitted under any applicable State insurance law or regulation for the benefit of claim holders in the United States, all persons or entities, other than in accordance with the Foreign Proceeding and the scheme of arrangement, are permanently enjoined from invoking, enforcing or relying on the benefit of any statute, rule or requirement of federal, state or local law or regulation requiring the debtor, the Petitioner, the Scheme Advisers, the Scheme Adjudicator, any estate created by the Foreign Proceeding or scheme of arrangement, or MMA to establish or post security in the form of a bond, letter of credit or otherwise as a condition of prosecuting, defending or appealing any action or other legal proceeding (including, without limitation, arbitration or any judicial, quasi-judicial, administrative or regulatory action, proceeding or process whatsoever) in respect of a Scheme Claim or other subject of the Foreign Proceeding or scheme of arrangement, and the application of such statute, rule or requirement will be rendered null and void for such actions and proceedings;

6

provided, however, that nothing herein shall in any respect affect any existing security or the replacement of such security; and it is further

ORDERED that, except as prohibited by 11 U.S.C. § 1501(d) respecting deposits, escrows, trust funds, or other security required or permitted under any applicable State insurance law or regulation for the benefit of claim holders in the United States, all persons and entities, other than in accordance with the Foreign Proceeding and the scheme of arrangement, are permanently enjoined from drawing down on any letter of creditor in excess of amounts expressly authorized pursuant to such letter of credit established by, on behalf of, or at the request of, the debtor, the Petitioner, the Scheme Advisers, the Scheme Adjudicator, any estate created by the Foreign Proceeding or scheme of arrangement, or MMA, in respect of a Scheme Claim or other subject of the Foreign Proceeding or scheme of arrangement, or withdrawing from, setting off against, or otherwise applying property that is the subject of any trust or escrow agreement or similar arrangement in which the debtor, the Petitioner, the Scheme Advisers, the Scheme Adjudicator, any estate created by the Foreign Proceeding or scheme of arrangement, or MMA has an interest, in excess of amounts expressly authorized by the terms of the contract and any related trust or other agreement pursuant to which such letter of credit, trust escrow, or similar arrangement has been established, and it is further

ORDERED that all persons and entities given notice of the Petition and the Hearing thereon in possession, custody or control of property, or the proceeds thereof, located within the territorial jurisdiction of the United States, of the debtor, any estate created by the Foreign Proceeding or the scheme of arrangement, or of MMA contemplated by the Foreign Proceeding to be available for the implementation of the

7

scheme of arrangement, shall forthwith so advise the Petitioner by written notice sent to the Scheme Advisers at the following address: The Scottish Lion Underwriting Agencies Limited, ATTN: Jeffrey John Lloyd and Stephen Crawley, 5th Floor, Cutlers Exchange, 123 Houndsditch, London EC3A 7PQ, United Kingdom, or to such other address as notified as provided in the scheme of arrangement, which written notice respecting custody, possession or control of property or proceeds shall set forth: (i) the nature of such property or proceeds; (ii) when and how such property or proceeds came into the custody, possession or control of such person or entity; and (iii) the full identity and contact details of such person or entity including, without limitation, the name, title, affiliation, full street address, telephone number, facsimile number and any e-mail address and website for such person or entity; and it is further

ORDERED that, whether or not a person or entity in such custody, possession or control of the property as set forth above so advises the Petitioner as required herein, all persons or entities in such custody, possession or control of the property, upon notice and demand by the Petitioner or the Scheme Advisers acting for the Petitioner, are required to, and shall forthwith, turn over and account for such property or proceeds to the Petitioner, or to the Scheme Advisers acting for the Petitioner, for administration and distribution in the Foreign Proceeding in the United Kingdom in accordance with the scheme of arrangement, and it is further

ORDERED that nothing in this Order shall in any respect prevent the continuation or commencement of proceedings against or involving any person or entity other than the debtor, the Petitioner, the Scheme Advisers, the Scheme Adjudicator, any estate created by the Foreign Proceeding or scheme of arrangement, or MMA in respect of a

8

Scheme Claim or other subject of the Foreign Proceeding or scheme of arrangement; provided, however, that if any third party shall reach a settlement with, or obtain a judgment against, any person or entity other than the debtor, the Petitioner, the Scheme Advisers, the Scheme Adjudicator, any estate created by the Foreign Proceeding or scheme of arrangement, or MMA, in respect of a Scheme Claim or other subject of the Foreign Proceeding or scheme of arrangement, such settlement or judgment shall not be binding on or enforceable against the debtor, the Petitioner, the Scheme Advisers, the Scheme Adjudicator, any estate created by the Foreign Proceeding or scheme of arrangement, or MMA or its property, or the proceeds of such property, contemplated by the Foreign Proceeding or scheme of arrangement to be available for the implementation, administration or enforcement of the scheme of arrangement; and it is further

ORDERED that, pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure, the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure shall be, and the same hereby are, waived; and it is further

ORDERED that the Petitioner is authorized to as appropriate examine witnesses, take evidence or seek the delivery of information concerning the assets, affairs, rights, obligations or liabilities of the debtor or MMA in respect or for the benefit of the debtor, the Foreign Proceeding or the scheme of arrangement; and it is further

ORDERED that the Petitioner and, at his direction, any or all of the Scheme Advisers and Scheme Adjudicator, are authorized to operate the business that is the subject of the Foreign Proceeding and the scheme of arrangement, and the Petitioner may exercise the powers of a trustee under and to the extent provided by 11 U.S.C. §§ 363 and 552; and it is further

ORDERED that, as all identifiable parties in interest wherever located as listed in Appendix VIII to the Official Form Chapter 15 Petition filed November 11, 2005 (the "Notice Parties") have within the Foreign Proceeding been served notice of the procedures, requirements and deadlines for asserting claims under the scheme of arrangement as well as a Claim Form, and as the Notice of Filing and Hearing on the Chapter 15 Petition served on such parties in this case further informs them of the notices and Claim Form provided in the Foreign Proceeding and specifies the website through which such notices and Claim Form might be obtained, that the requirements contained in 11 U.S.C. § 1514(c) hereby are deemed to have been fulfilled; and it is further

ORDERED that this Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any requests for additional relief or any adversary proceeding brought in and through this Chapter 15 Case, and any request by an entity for relief from the provisions of this Order for cause shown properly commenced and within the jurisdiction of the United States Bankruptcy Court; and it is further

ORDERED that the UK High Court shall have and retain exclusive jurisdiction to hear and determine any suit, action, claim or proceeding, and to settle any dispute that may arise out of the construction or interpretation of, or pursuant to, the scheme of arrangement; provided, however, that nothing in this Order shall affect the validity of contractual provisions determining governing law and jurisdiction not otherwise determined by the scheme of arrangement or the Foreign Proceeding; and it is further

ORDERED that no action taken by the Petitioner, the Scheme Advisers, the Scheme Adjudicator, MMA, or each of their successors, agents, representatives, advisers

or counsel, in preparing, disseminating, applying for, implementing or otherwise acting in furtherance of or in connection with the Foreign Proceeding, the scheme of arrangement, this Order, or this Chapter 15 case, or any adversary proceeding herein, or further proceeding commenced hereunder, shall be deemed to constitute a waiver of the immunity afforded to such persons under 11 U.S.C. §§ 306 and 1510; and it is further

ORDERED that a true and correct copy of this Order shall be served:

(a) by United States mail, first class postage prepaid, on or before December 22, 2005, upon all Notice Parties; and

(b) by a single publication of notice of entry of this Order in each of *The Wall Street Journal* (US Edition) and *Business Insurance* magazine on or before December 22, 2005;

and it is further

ORDERED, that such service shall be good and sufficient service and adequate notice for all purposes.

Dated: New York, New York
December 7, 2005
@ 11:00 a.m.

_/s/Burton R. Lifland__
United States Bankruptcy Judge

11