**EXHIBIT R**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ x
In re                                                              :

Petition of Board of Directors of                                  :    In a Case Under
LION CITY RUN-OFF PRIVATE LIMITED,                                      Chapter 15 of the
                                                                   :    Bankruptcy Code

Debtor in a Foreign Proceeding.                                    :    Case No. 06-B-10461 (SMB)
------------------------------------------------------------------ x

**ORDER AND FINAL DECREE GRANTING RECOGNITION OF A
FOREIGN MAIN PROCEEDING, PERMANENT
<u>INJUNCTION AND RELATED RELIEF</u>**

This matter having come before the Court upon the application (the "Application") of the Board of Directors (the "Petitioner") of Lion City Run-Off Private Limited (the "Company"), for the entry of an order granting recognition of a foreign main proceeding, permanent injunction and related relief under chapter 15 of title 11 of the United States Code (the "Bankruptcy Code") in aid of the Company's Solvent Scheme of Arrangement pursuant to section 425 of the Companies Act 1985 of England and Wales and section 210 of the Companies Act, Chapter 50 of Singapore (the "Scheme of Arrangement"),[1] and upon the Court's issuance of the Order Scheduling a Hearing and Specifying the Time and Manner of Notice, dated March 14, 2006 (the "Scheduling Order"); and upon the Court's

---

[1] Capitalized terms used by not defined herein shall have the meaning ascribed to them in the Scheme of Arrangement, a copy of which is attached to the Verified Petition (as defined herein) as Exhibit "A."

NY2 - 440868.04

review and consideration of the Petition under Chapter 15 of the Bankruptcy Code dated March 14, 2006 (the "Chapter 15 Petition"), the Verified Petition under Chapter 15 of the Bankruptcy Code for Recognition of a Foreign Main Proceeding, Permanent Injunction and Related Relief, dated March 14, 2006 (the "Verified Petition"), the Declaration of Lawrence Teh, Singaporean counsel to the Petitioner, dated March 15, 2006, and the Memorandum of Law in support of the Chapter 15 Petition for Recognition of a Foreign Main Proceeding, Permanent Injunction and Related Relief, dated March 14, 2006 (collectively, the "Supporting Papers"); and the Petitioner having given notice of the Application, in accordance with the Scheduling Order, on or before March 20, 2006 and by publication in Business Insurance magazine and The Financial Times on or before March 27, 2006; and having held a hearing and heard arguments by counsel in support of the Application on April 13, 2005; and based on the foregoing, the Court finds and concludes as follows:

    1.    The Petitioner has demonstrated that:

    (a)    the Company is subject to a pending foreign proceeding within the meaning of section 101(23) of the Bankruptcy Code;

    (b)    the Company is subject to a pending foreign main proceeding within the meaning of section 1502(4) of the Bankruptcy Code;

    (c)    the Petitioner is the foreign representatives of the Company within the meaning of section 101(24) of the Bankruptcy Code;

NY2 - 440868.04

(d) the Chapter 15 case was properly commenced pursuant to sections 1504 and 1515 of the Bankruptcy Code; and

(e) the Chapter 15 Petition satisfied the requirement of section 1515 of the Bankruptcy Code.

2. The Petitioner has demonstrated that the relief requested, including permanent injunctive relief, is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, warranted pursuant section 1521 of the Bankruptcy Code and Federal Rule of Bankruptcy Procedure 7065, and will not cause any hardship to Scheme Creditors or other parties in interest that is not outweighed by the benefits of granting that relief;

3. The Petitioner has demonstrated that permanent injunctive relief would not cause hardships to parties-in-interest that would not be outweighed by the benefits of such relief. Unless a permanent injunction is issued, it appears to this Court that one or more persons or entities may take action that is inconsistent with or in contravention of the terms of the Scheme of Arrangement, thereby interfering with, and causing harm to, the efforts of the Scheme Managers to administer the Company's estate, and that as a result, the Company, and its estate and the Scheme Creditors will suffer irreparable injury for which there is no adequate remedy at law;

4. The interest of the public will be served by this Court's granting the relief requested by the Petitioner; and

NY2 - 440868.04

5. Venue is proper in this District pursuant to 28 U.S.C. § 1410.

NOW, THEREFORE, IT IS HEREBY

ORDERED, that the proceeding respecting the Scheme of Arrangement under the Singapore Companies Act pending before the Singapore High Court and the Scheme of Arrangement is granted recognition pursuant to section 1517(a); and it is further

ORDERED, that the proceeding respecting the Scheme of Arrangement under the Singapore Companies Act pending before the Singapore High Court and the Scheme of Arrangement is granted recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code; and it is further

ORDERED, that all relief afforded foreign main proceedings pursuant to section 1520 of the Bankruptcy Code is granted; and it is further

ORDERED, that sections 361 and 362 of the Bankruptcy Code apply with respect to the Company and the property of the Company that is within the territorial jurisdiction of the United States; and it is further

ORDERED, that sections 363, 549, and 552 of the Bankruptcy Code apply to a transfer of an interest of the Company in property that is within the territorial jurisdiction of the United States to the same extent that the sections would apply to property of an estate; and it is further

ORDERED, that the Company's foreign representative may operate the Company's business and may exercise the rights and powers of a trustee under and to the extent provided by sections 363 and 552 of the Bankruptcy Code; and it is further

ORDERED, that section 552 of the Bankruptcy Code applies to property of the Company that is within the territorial jurisdiction of the United States; and it is further

ORDERED, that the Scheme of Arrangement shall be given full force and effect in the United States, and shall be binding on and enforceable against all Scheme Creditors in the United States; and it is further

ORDERED, that all Scheme Creditors are hereby permanently enjoined from taking any action in contravention of, or inconsistent with, the Scheme of Arrangement; and it is further

ORDERED, that all Scheme Creditors are hereby permanently enjoined from seizing, repossessing, transferring, relinquishing or disposing of any property of the Company in the United States, or the proceeds thereof, to any person or entity other than the Scheme Managers; and it is further

ORDERED, that, except as prohibited by section 1521 of the Bankruptcy Code, all Scheme Creditors are permanently enjoined from: (a) commencing or continuing any action or legal proceeding in connection with any Scheme Claim (including, without limitation, arbitration or any judicial, quasi-judicial, administrative action, proceeding or process whatsoever), including by way of counterclaim, against the Company, or any

5

property in the United States that is involved in the foreign proceeding, or any proceeds thereof, **SMB 4/13/06** and seeking discovery of any nature against the Company; (b) enforcing any judicial, quasi-judicial, administrative judgment, assessment or order, or arbitration award obtained in connection with any Scheme Claim, and commencing or continuing any act or action or legal proceeding in connection with any Scheme Claim (including, without limitation, arbitration, or any judicial, quasi-judicial, administrative action, proceeding or process whatsoever) or any counterclaim to create, perfect or enforce any lien, attachment, garnishment, setoff or other claim arising out of a Scheme Claim against the Company or any of its property in the United States, or any proceeds thereof, including, without limitation, rights under reinsurance or retrocession contracts; (d) invoking, enforcing or relying on the benefits of any statute, rule or requirement of federal, state, or local law or regulation requiring the Company to establish or post security in the form of a bond, letter of credit or otherwise as a condition of prosecuting or defending any proceedings (including, without limitation, arbitration, mediation or any judicial, quasi-judicial, administrative action, proceedings or process whatsoever) **SMB 4/13/06 arising out of a Scheme Claim** and such statute, rule or requirement will be rendered null and void for proceedings; <u>provided</u>, <u>however</u>, that nothing in this Order shall in any respect affect any security in existence at the Effective Date or the replacements for such security; (e) drawing down any letter of credit established by, on behalf or at the request of, the Company, in excess of amounts expressly authorized by the terms of the contract or other agreement pursuant to which such letter of credit has been established; and (f) withdrawing from, setting off against, or otherwise applying property that is the subject of any trust or escrow

6

agreement or similar arrangement in which the Company has an interest in excess of amounts expressly authorized by the terms of the contract and any related trust or other agreement pursuant to which such letter of credit, trust, escrow, or similar arrangement has been established; provided, however, no drawing against any letter of credit shall be made in connection with any commutation unless the amount has been agreed in writing with the Petitioner or the Scheme Managers or permitted by further Order of the Court; and it is further

ORDERED, that **SMB 4/13/06** **in the absence of a bona fide dispute,** all persons and entities in possession, custody or control of the Company's property in the United States or the proceeds thereof, shall turn over and account for such property or its proceeds to the Petitioner or Scheme Managers; and it is further

ORDERED, that all Scheme Creditors that are beneficiaries of letters of credit established by, on behalf or at the request of the Company or parties to any trust, escrow or similar arrangement in which the Company has an interest, are required to: (a) provide notice to the Scheme Managers' United States counsel of any drawdown on any letter of credit established by, on behalf or at the request of, the Company, or any withdrawal from, setoff against, or other application of property that is the subject of any trust or escrow agreement or similar arrangement in which the Company has an interest, together with information sufficient to permit the Scheme Managers to assess the propriety of such drawdown, withdrawal, setoff or other application, including, without limitation, the date and amount of such drawdown, withdrawal, setoff or other application and a copy of any contract, related

7

trust or other agreement pursuant to which any such drawdown, withdrawal, setoff, or other application was made, and provide such notice and other information contemporaneously therewith; and, (b) turn over and account to the Scheme Managers for all funds resulting from such drawdown, withdrawal, setoff, or other application in excess of amounts expressly authorized by the terms of the contract, any related trust or other agreement pursuant to which such letter of credit, trust, escrow or similar arrangement has been established; and it is further

ORDERED, that every Scheme Creditor that has a claim of any nature or source arising out of a Scheme Claim and that is a party to any action or other legal proceeding (including, without limitation, arbitration or any judicial, quasi-judicial, administrative action, proceeding or process whatsoever) in which the Company is or was named as a party, or as a result of which a liability of the Company may be established, is required to place the Petitioner's United States counsel (Chadbourne & Parke LLP, 30 Rockefeller Plaza, New York, NY 10112, Attn: Francisco Vazquez, Esq.) on the master service list of any such action or other legal proceeding, and to take such other steps as may be necessary to ensure that such counsel receives: (a) copies of any and all documents served by the parties to such action or other legal proceeding or issued by the court, arbitrator, administrator, regulator or similar official having jurisdiction over such action or legal proceeding; and, (b) any and all correspondence, or other documents circulated to parties named in the master service list; and it is further

NY2 - 440868.04

ORDERED, that nothing in this Order shall in any respect prevent the commencement or continuation of proceedings against any person or entity other than the Company; provided, however, that if any third party shall reach a settlement with, or obtain a judgment against, any person or entity other than the Company, such settlement or judgment shall not be binding on or enforceable against the Company; and it is further

ORDERED, that, pursuant to Rule 7065 of the Federal Rules of Bankruptcy Procedure, the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure shall be, and the same hereby are, waived; and it is further

ORDERED, that no action taken by the Petitioner or the Scheme Managers, their successors, agents or representatives, or any of them, or their counsel, in preparing, disseminating, applying for, implementing or otherwise acting in furtherance of the Scheme of Arrangement shall be deemed to constitute a waiver of the immunity afforded the Petitioner or the Scheme Managers, their successors, agents or representatives pursuant to section 1510 of the Bankruptcy Code; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, and requests for any additional relief in this Chapter 15 case and all adversary proceedings in connection therewith properly commenced and within the jurisdiction of this Court; and it is further

NY2 - 440868.04

ORDERED, that except with respect to the matters over which this Court has expressly retained jurisdiction, this ancillary case is hereby closed, subject to it being reopened pursuant to section 350(b) of the Bankruptcy Code; and it is further

ORDERED, that this Order shall be served as follows:

(a)    by United States mail, first class postage prepaid, on or before April 18, 2005, upon the known parties-in-interest at the time of such service;

(b)    by publication of notice of entry of this Order in <u>Business Insurance</u> magazine and <u>The Financial Times</u> on or before April 24, 2006; and it is further

ORDERED, that service in accordance with this Order shall be deemed good and sufficient service and adequate notice for all purposes.

Dated:    New York, New York
          April 13, 2006

                                                  /s/ STUART M. BERNSTEIN
                                                  United States Bankruptcy Judge