**EXHIBIT S**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re | ) | Chapter 15 |
|  | ) |  |
| Magyar Telecom B.V., | ) | Case No. 13-13508 (SHL) |
|  | ) |  |
| Debtor in a Foreign Proceeding. | ) |  |
|  | ) |  |

**ORDER GRANTING PETITION FOR RECOGNITION OF FOREIGN MAIN**
**PROCEEDING AND REQUEST FOR RELATED RELIEF [ECF NOS. 1 and 2]**

Upon consideration of the Verified Petition for Recognition of Foreign Main Proceeding

and Request for Related Relief dated October 29, 2013 [ECF No. 2] (together with the Form of

Voluntary Petition [ECF No. 1], the "Petition"),[1] the Bethlen Declaration, the Phillips

Declaration, the Viëtor Declaration, and the Réczicza Declaration (together with the Petition, the

Bethlen Declaration, the Phillips Declaration and the Viëtor Declaration, the "Chapter 15

Pleadings"), each filed on October 29, 2013 by or on behalf of the Petitioner, Nikolaus Bethlen,

in his capacity as the duly-appointed foreign representative of Magyar Telecom B.V. ("Matel,"

or the "Debtor"), the debtor in a voluntary restructuring proceeding (the "UK Proceeding")

concerning the Debtor currently pending before the Chancery Division (Companies Court) of the

High Court of Justice of England and Wales (the "UK Court"); and upon the Support Of Verified

Petition For Recognition Of Foreign Main Proceeding And Motion For Related Relief Giving

Full Force And Effect To U.K. Scheme Of Arrangement dated December 2, 2013 [ECF No. 16],

filed by the certain Noteholders affected by the Scheme, and upon the Second Declaration of

Nikolaus Bethlen Pursuant to 28 U.S.C. § 1746 dated December 2, 2013 [ECF No. 18], the

Declaration of Sunjeeve Patel Pursuant to 28 U.S.C. § 1746 dated December 2, 2013 [ECF No.

---

[1] Capitalized terms not otherwise defined herein have the meaning ascribed to such terms in the Petition.

19], the Declaration of Richard A. Graham Pursuant to 28 U.S.C. § 1746 dated December 3,

2013 [ECF No. 20], and the Second Declaration of Sunjeeve Patel Pursuant to 28 U.S.C. § 1746

dated December 10, 2013 [ECF No. 25], and it appearing that the Court has jurisdiction over this

matter pursuant to 28 U.S.C. §§ 1334 and 157 and the Amended Standing Order of Reference

dated January 31, 2012, Reference M-431, In re Standing Order of Reference Re: Title 11, 12

Misc. 00032 (S.D.N.Y. Feb. 2, 2012) (Preska, C.J.); and it appearing that venue is proper before

this Court pursuant to 28 U.S.C. § 1410; and the Court having considered and reviewed the

Chapter 15 Pleadings and other filings set forth above, and having held a hearing to consider the

relief requested in the Petition on December 3 and 11, 2013 (the "Hearing"); and it appearing

that timely notice of the filing of the Chapter 15 Pleadings and the Recognition Hearing has been

given to the Debtor, the Office of the United States Trustee for the Southern District of New

York, the Trustee, Counsel to the Ad Hoc Committee, the Information Agent for distribution to

the Scheme Creditors and that no other or further notice need be provided; and upon all of the

proceedings had before the Court; and after due deliberation and sufficient cause appearing

therefor, it is hereby

    **FOUND**, that:

    1. This case was properly commenced pursuant to sections 1504 and 1515 of the

Bankruptcy Code.

    2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334

and the Amended Standing Order of Reference dated January 31, 2012, Reference M-431, In re

Standing Order of Reference Re: Title 11, 12 Misc. 00032 (S.D.N.Y. Feb. 2, 2012) (Preska,

C.J.).

    3. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

4.  Venue is proper in this district pursuant to 28 U.S.C. § 1410.

5.  The UK Proceeding is a "foreign proceeding" within the meaning of section 101(23) of the Bankruptcy Code.

6.  The UK Proceeding is pending in England (a constituent member of the political union comprising the UK), which is the country in which the Debtor has the center of its main interests and, as such, the UK Proceeding is a "foreign main proceeding" within the meaning of sections 1502(4) and 1517(b)(1) of the Bankruptcy Code and entitled to recognition as the foreign main proceeding in respect of the Debtor.

7.  The Petitioner, Nikolaus Bethlen, has been duly appointed by the Debtor and has been declared by the UK Court as authorized to act as the "foreign representative" with respect to the UK Proceeding within the meaning of section 101(24) of the Bankruptcy Code.

8.  The Petition meets all of the requirements set forth in section 1515 of the Bankruptcy Code.

9.  The UK Proceeding is entitled to recognition by the Court pursuant to section 1517(a) of the Bankruptcy Code.

10. The Debtor and the Petitioner are entitled to all of the relief set forth in section 1520 of the Bankruptcy Code.

11. Appropriate notice of the filing of, and the Hearing on, the Petition was given, which notice is deemed adequate for all purposes, and no other or further notice need be given.

12. The relief granted hereby is necessary and appropriate, in the interests of the public and of international comity, not inconsistent with the public policy of the United States, warranted pursuant to sections 105(a), 1507(a), 1509(b)(2)-(3), 1520, 1521(a) and 1525 of the Bankruptcy Code, and will not cause hardship to creditors of the Debtors or other parties in

interests that is not outweighed by the benefits of granting that relief.

13. The relief granted hereby is necessary to effectuate the purposes and objectives of chapter 15 and to protect the Debtor and the interests of its creditors and other parties in interest.

14. Absent the relief granted hereby, the Debtor and the Protected Parties may be subject to the prosecution of judicial, quasi-judicial, arbitration, administrative or regulatory actions or proceedings in connection with the Scheme Claims against the Debtor and the Protected Parties or their property, thereby interfering with and causing harm to, the Debtor, its creditors, and other parties in interest in the UK Proceeding and, as a result, the Debtor, its creditors and such other parties in interest would suffer irreparable injury for which there is no adequate remedy at law.

15. Absent the requested relief, the efforts of the Debtor, the UK Court and the Petitioner in conducting the UK Proceeding and effecting the Restructuring under the Scheme, the Restructuring Documents and English law may be thwarted by the actions of certain creditors, a result inimical to the purposes of chapter 15 as reflected in section 1501(a) of the Bankruptcy Code.

16. Each of the injunctions contained in this Order (i) is within the Court's jurisdiction, (ii) is essential to the success of the Scheme, (iii) is an integral element of the Scheme and/or to its effectuation, (iv) confers material benefits on, and is in the best interests of, the Debtor and its creditors, including without limitation the Scheme Creditors, and (v) is important to the overall objectives of the Restructuring.

For all of the foregoing reasons, and for the reasons stated by the Court on the record of the Hearing, and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED**, that:

(A)      the Petition and the Relief Requested are granted, and any objections thereto are overruled with prejudice;

(B)      the UK Proceeding is granted recognition as a foreign main proceeding (as defined in section 1502 of the Bankruptcy Code) pursuant to sections 1517(a) and (b)(1) of the Bankruptcy Code;

(C)    the Petitioner is recognized as the "foreign representative" as defined in section 101(24) of the Bankruptcy Code in respect of the UK Proceeding;

(D)    the Debtor and the Petitioner are granted all of the relief set forth in section 1520 of the Bankruptcy Code including, without limitation, the application of the protection afforded by the automatic stay under section 362(a) of the Bankruptcy Code to the Debtor and to the Debtor's property that is within the territorial jurisdiction of the United States;

(E)    the Petitioner is hereby (i) authorized to examine witnesses, take evidence, and deliver information concerning the Debtor and its business, and (ii) entrusted with the administration of any and all of the Debtor's assets within the territorial jurisdiction of the United States;

(F)    as of the Scheme Effective Date, the Scheme Sanction Order, the Scheme and the Restructuring Documents are recognized, granted comity, and entitled to full force and effect against all entities (as that term is defined in section 101(15) of the Bankruptcy Code) in accordance with their terms, and such terms shall be binding and fully enforceable on the Scheme Creditors and the Related Parties whether or not they actually agreed to be bound by the Scheme or the Restructuring Documents or participated in the UK Proceeding;

(G)    as of the Scheme Effective Date, any judgment, wherever and whenever obtained, to the extent such judgment is a determination of the personal liability of the Debtor or any Protected Party (herein throughout as defined in the Explanatory Statement) with respect to any debt cancelled, discharged or restructured under the Scheme or other Restructuring Documents and/or as a result of English law relating to the Restructuring, is unenforceable in the United States, provided, however, that if such debt is restructured under the Scheme, the Restructuring Documents or such law, the enforceability of such judgment is impaired by this Order only to the extent it is inconsistent with the Scheme, the Restructuring Documents and such law;

(H)    as of the Scheme Effective Date, all Scheme Creditors and Related Parties are permanently enjoined from commencing or continuing in any manner, directly or indirectly, including by way of counterclaim, any action, suit or other proceeding (including, without limitation, arbitration, mediation or any judicial, quasi-judicial or administrative action, proceeding or process whatever in any judicial, arbitral, administrative or other forum), employing any process, or performing any act to collect, recover or offset (except as expressly provided in the Scheme and Restructuring Documents) any debt cancelled, discharged or restructured under the Scheme or Restructuring Documents and/or as a result of English law relating to the Restructuring, or seeking discovery related thereto, provided, however, that if such debt is restructured under the Scheme, the Restructuring Documents and/or such law, such injunction applies only to the extent that commencing or continuing such action, employing such process or performing such act is inconsistent with the Scheme, the Restructuring Documents and/or such law;

(I)    as of the Scheme Effective Date, all Scheme Creditors and Related Parties are permanently enjoined from commencing or continuing any action (including, without limitation,

arbitration, mediation or any judicial, quasi-judicial, or administrative action or proceeding or process whatever in any judicial, arbitral, administrative or other forum), including by way of counterclaim, employing any process, or performing any act, to collect, recover or offset (except as expressly provided in the Scheme and the Restructuring Documents) any debt cancelled, discharged or restructured under the Scheme, the Restructuring Documents and/or as a result of English law relating to the Restructuring, against property of the Debtor or of the Protected Parties within the territorial jurisdiction of the United States, including (i) enforcing, levying, attaching (including any prejudgment attachment), collecting or otherwise recovering by any manner or means, whether directly or indirectly, any judicial, quasi-judicial or administrative judgment, award, determination, decree, assessment, garnishment, order or arbitration award against the Debtor or the Protected Parties or their respective property, or any direct or indirect transferee of or successor to any property of the Debtor or of the Protected Parties, or any property of such transferee or successor, or (ii) creating, perfecting or otherwise enforcing in any manner, directly or indirectly, any lien or encumbrance of any kind against such property, provided, however, that if such debt is restructured under the Scheme, the Restructuring Documents and/or such law, such injunction applies only to the extent that commencing or continuing such action, employing such process or performing such act is inconsistent with the Scheme, the Restructuring Documents and/or such law;

(J) as of the Scheme Effective Date, Scheme Creditors and Related Parties are permanently enjoined from (i) transferring, relinquishing or disposing of any property of the Debtor or of the Protected Parties located within the territorial jurisdiction of the United States, or (ii) taking or continuing any act to obtain possession of, comingle, or exercise control over

such property, to the extent any such act under (i) or (ii) is inconsistent with the Scheme, the Restructuring Documents and English law relating to the Restructuring;

(K)    as of the Scheme Effective Date, all entities (as that term is defined in section 101(15) of the Bankruptcy Code) subject to the U.S. Bankruptcy Court's jurisdiction are permanently enjoined from taking any action inconsistent with the Scheme, including, without limitation, against the Debtor, the Protected Parties or against any property of the Debtor or the Protected Parties;

(L)    as of the Scheme Effective Date, all entities (as that term is defined in section 101(15)) are permanently enjoined from commencing any suit, action or proceeding in the territorial jurisdiction of the United States to settle any dispute which arises out of any provision of the Scheme, the Restructuring Documents and English law relating to the Restructuring;

(M)   as of the Scheme Effective Date, Scheme Creditors and Related Parties are permanently enjoined from commencing or continuing in any manner, directly or indirectly, including by way of counterclaim, any action, suit or other proceeding (including, without limitation, arbitration, mediation, or any judicial, quasi-judicial, or administrative action, proceeding or process whatever in any judicial, arbitral, administrative or other forum), or employing any process, against the Foreign Representative (personally or in such capacity), the Debtor, the Protected Parties, or any of their respective successors, assigns, agents, representatives, advisors or attorneys (collectively, the "Debtor Parties") or any of them in respect of any claim or cause of action, in law or in equity, arising out of or relating to any action taken or omitted to be taken by any of the Debtor Parties as of the Scheme Effective Date in connection with this chapter 15 case or in preparing, disseminating, applying for or implementing the Scheme, the Restructuring Documents or the Scheme Sanction Order;

(N)    no action taken by the Petitioner in preparing, disseminating, applying for, implementing or otherwise acting in furtherance of the Scheme, the Restructuring Documents, this Order, the chapter 15 case, any further order for additional relief in this chapter 15 case, or any adversary proceedings or contested matters in connection therewith, will be deemed to constitute a waiver of any immunity afforded the Petitioner as Foreign Representative, including without limitation pursuant to section 1510 of the Bankruptcy Code;

(O)    the Court shall retain jurisdiction with respect to the enforcement, amendment, or modification of this Order, any request for additional relief and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of the Court; and

(P)    this Order shall be effective and enforceable immediately upon entry and shall constitute a final order within the meaning of 28 U.S.C. § 158(a).


Dated: New York, New York
       December 11, 2013


                                        /s/ Sean H. Lane
                                        UNITED STATES BANKRUPTCY JUDGE