**EXHIBIT T**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| ------------------------------------------- x | | |
| In re | : | |
| | : | |
| Petition of Alan Boyce, as foreign | : | In a Case Under Chapter 15 |
| representative of NRG Victory | : | of the Bankruptcy Code |
| Reinsurance Limited, | : | |
| | : | Case No. 06-11052 (JMP) |
| Debtor in a Foreign Proceeding | : | |
| ------------------------------------------- x | | |

### ORDER RECOGNIZING ENGLISH PROCEEDING
### AS FOREIGN MAIN PROCEEDING AND
### SCHEDULING PERMANENT INJUNCTION HEARING

Upon the petition for recognition of a foreign main proceeding (the "Verified Petition"), the Petition Under Chapter 15 for Recognition of a Foreign Main Proceeding and Motion for Permanent Injunction (the "Petition and Motion"), the Memorandum of Law in Support of the Petition and Motion (the "Memorandum of Law"), the Declaration of Alan Boyce in Support of the Petition and Motion, (the "Boyce Declaration"), the Statement of Foreign Representative Pursuant to 11 U.S.C. § 1515(c) Identifying Foreign Proceedings (the "Section 1515(c) Statement") and the List Filed Pursuant to Fed. R. Bankr. P. 1007(a)(4), (the "Bankruptcy Rule 1107(a)(4) List;" and together with the Verified Petition, the Petition and Motion, the Memorandum of Law, the Boyce Declaration and the Section 1515(c) Statement, the "Chapter 15 Pleadings") each filed on May 12, 2006 by Alan Boyce (the "Petitioner") at the direction of the Board of Directors of NRG Victory Reinsurance Ltd. ("NRG Victory") in his capacity as the duly appointed foreign representative of NRG Victory in a proceeding under section 425 of the Companies Act of 1985 (the "English Proceeding") before the High Court of Justice of England and Wales and upon the record of the hearing before this Court on November 21, 2006 (the

"Recognition Hearing") and all prior hearings and status conferences herein, this Court hereby finds and concludes as follows:

    A.    This court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the Standing Order of referral of Cases to Bankruptcy Judges of the United States District Court for the Southern District of New York (Ward, Acting C.J.), dated July 10, 1984; and

    B.    This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and

    C.    Venue is proper in this District pursuant to 28 U.S.C. § 1410; and

    D.    The Petitioner, acting at the direction of the Board of Directors of NRG Victory, is a person duly appointed to act as the foreign representative (the "Foreign Representative") of NRG Victory within the meaning of 11 U.S.C. § 101(24); and

    E.    This case was properly commenced in compliance with and pursuant to 11 U.S.C. §§ 1504 and 1515; and

    F.    The Verified Petition satisfies the requirements of 11 U.S.C. § 1515; and

    G.    The English Proceeding is a foreign proceeding within the meaning of 11 U.S.C. § 101(23); and

    H.    The English Proceeding is entitled to recognition as a foreign proceeding by this Court pursuant to 11 U.S.C. §§ 1515 and 1517(a); and

    I.    The United Kingdom is where NRG Victory has the center of its main interests; and

J.   The English Proceeding is entitled to recognition as a foreign main proceeding pursuant to 11 U.S.C. §§ 1502(4) and 1517(b)(1); and

K.   Recognition of the English Proceeding as a "foreign main proceeding" is not contrary to the public policy of the United States.

For all of the foregoing reasons, and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT:**

1.   The English Proceeding is hereby recognized as a foreign main proceeding pursuant to 11 U.S.C. § 1517(b)(1); and

2.   Notwithstanding the entry of this Order granting recognition of the English Proceeding as a foreign main proceeding, in order to facilitate the English Proceeding and as requested by the Foreign Representative, the provisions of 11 U.S.C. § 1520(a)(1) and (a)(2) shall not apply in this chapter 15 case until the date on which the Scheme of Arrangement[1] is sanctioned in the foreign main proceeding, <u>provided</u> <u>however</u>, such provisions shall be made applicable to this chapter 15 case prior to that date upon request by the Foreign Representative and pursuant to further order of this Court and shall apply immediately upon the date on which such Scheme of Arrangement is sanctioned; and

3.   A hearing on that portion of the relief sought in the Petition and Motion pertaining to an order for a permanent injunction and related relief shall be adjourned to April 17, 2007, at 10:00 a.m., and such hearing may be adjourned from time to time without further notice; and

_____

[1]   Capitalized terms used herein but not otherwise defined shall have the meaning given to such terms in the Petition and Motion.

4. No action taken by NRG Victory, its successors, agents or representatives or its counsel, in preparing, disseminating, applying for, implementing or otherwise acting in furtherance of the Scheme of Arrangement, this Order, this chapter 15 case, any further order for additional relief in this chapter 15 case, or any adversary proceedings in connection herewith, will be deemed to constitute a waiver of the immunity afforded to NRG Victory, the Scheme Adviser, the Scheme Adjudicator, the Scheme Actuary or their successors, agents, attorneys or representatives pursuant to 11 U.S.C. § 1510; and

5. This Order shall be filed with the Clerk of this Court and posted on NRG Victory's website at www.nrg-solventscheme.co.uk, and such service will be good and sufficient service and adequate notice of this Order for all purposes; and

6. This Order and the Chapter 15 Pleadings shall be made available by the Foreign Representative upon written request to United States counsel, Clifford Chance US LLP, 31 West 52nd Street, New York, New York 10019 (Attn: Sara M. Tapinekis).

7. This Court retains jurisdiction with respect to the enforcement, amendment or modification of this Order or requests for any additional relief in or related to this chapter 15 case.

Dated: New York, New York
       November 21, 2006

                                               *s/ James M. Peck*
                                               United States Bankruptcy Judge