**EXHIBIT U**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                                            :
In re                                                       : Chapter 15
                                                            :
Petition of David McGuigan, as foreign                      : Case No. 11-13420 (MG)
representative of                                           :
                                                            :
                                                            :
Tokio Marine Europe Insurance Limited                       :
                                                            :
                                                            :
Debtor in a Foreign Proceeding.                             :
                                                            :
                                                            :
                                                            :
------------------------------------------------------------x

**ORDER AND FINAL DECREE GRANTING RECOGNITION OF A FOREIGN
PROCEEDING, PERMANENT INJUNCTION AND RELATED RELIEF**

David McGuigan (the "Petitioner"), in his capacity as the duly appointed foreign representative, as defined in section 101(24) of title 11 of the United States Code (the "Bankruptcy Code"), of Tokio Marine Europe Insurance Limited (the "Scheme Company" or "Debtor"), which is subject to an adjustment of debt proceeding (the "English Proceeding") and bound by that certain Scheme of Arrangement pursuant to Part 26 of the Companies Act 2006 (the "Scheme") for the Scheme Company sanctioned by the High Court of Justice of England and Wales (the "English Court") on April 15, 2011, filed the Verified Petition Under Chapter 15 For Recognition Of A Foreign Proceeding (the "Chapter 15 Petition") And Motion For Permanent Injunction (the "Verified Petition and Motion"), the Memorandum Of Law In Support Of the Verified Petition Under Chapter 15 For Recognition Of A Foreign Proceeding And Motion For Permanent Injunction (the "Memorandum of Law"), the Declaration of David McGuigan In Support Of Petition Under Chapter 15 For Recognition Of A Foreign Proceeding And Motion For Permanent Injunction And Order (the "McGuigan Declaration"), the Statement of Foreign Representative Identifying All Foreign Proceedings With Respect To Debtor Pursuant To 11 U.S.C. § 1515(c) (the "Section 1515(c) Statement"), and the List Filed Pursuant To Bankruptcy Rule 1007(a)(4) Of Administrators In A Foreign Proceeding, Litigation Parties And Entities Against Whom Provisional Relief Is Being

Sought Under 11 U.S.C. §1519 (the "Bankruptcy Rule 1007(a)(4) List") (collectively, the "Chapter 15 Pleadings") on July 18, 2011; and the Petitioner having given notice of the Chapter 15 Petition in accordance with the Scheduling Order, on or before August 1, 2011 and by publication in The Wall Street Journal (US Edition) and Business Insurance magazine on or before August 1, 2011; and upon the record of the hearing before this Court on September 8, 2011, and all prior hearings and status conferences herein; this Court hereby finds and concludes as follows:

1. The Petitioner has demonstrated that:

    (a) This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157 and the "Standing Order of Referral of Cases to Bankruptcy Judges" of the United States District Court for the Southern District of New York (Ward, Acting C.J.), dated July 10, 1984; and

    (b) This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P); and

    (c) The Petitioner, acting at the direction of the English Court, is a person duly appointed to act as the foreign representative (the "Foreign Representative") of the Scheme Company within the meaning of section 101(24) of the Bankruptcy Code; and

    (d) The chapter 15 case (the "Chapter 15 Case") was properly commenced in compliance with and pursuant to 11 U.S.C. §§ 1504 and 1515; and

    (e) The Verified Petition and Motion satisfies the requirements of 11 U.S.C. § 1515; and

    (f) The English Proceeding is a "foreign proceeding" pursuant to 11 U.S.C. § 1517(a) and within the meaning of section 101(23) of the Bankruptcy Code; and

    (g) The English Proceeding is a "foreign main proceeding" pursuant to 11 U.S.C. § 1502(4); and

2

2. The Scheme Company is entitled to all the relief equivalent to that afforded to a debtor in a foreign main proceeding under 11 U.S.C. § 1520 pursuant to 11 U.S.C. §§ 1521(a) and (b) and that is granted hereby.  The Petitioner has demonstrated that the Scheme Company is entitled to all the relief requested, including that permanent injunctive relief is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States and warranted pursuant to section 1521 of the Bankruptcy Code and 7065 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>").

3. The Petitioner has demonstrated that permanent injunctive relief would not cause any hardships to Scheme Creditors[1] of the Scheme Company or other parties-in-interest that would not be outweighed by the benefits of such relief.  Unless a permanent injunction is issued, it appears to this Court that one or more persons or entities may take action that is inconsistent with or in contravention of the terms of the Scheme Company's Scheme, thereby interfering with, and causing harm to, the efforts of the Scheme Manager to administer the Scheme, and that as a result, the Scheme Company and Scheme Creditors will suffer irreparable injury for which there is no adequate remedy at law;

4. The interest of the public will be served by this Court's granting the relief requested by the Petitioner; and

5. Venue is properly located in this District pursuant to 28 U.S.C. § 1410.

**NOW, THEREFORE, IT IS HEREBY**

ORDERED, that the relief granted in each of the following paragraphs shall affect Scheme Creditors solely with respect to the Scheme and/or Scheme Claims; <u>provided</u>, <u>however</u>, that in no way shall the relief granted herein be construed so as to narrow or limit the terms of the

---

[1] All capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Scheme and/or the Verified Petition and Motion.

3

Scheme; and it is further

ORDERED, that the Petitioner is recognized as a "foreign representative" pursuant to 11 U.S.C. § 101(24); and it is further

ORDERED, that the English Proceeding is recognized as a "foreign main proceeding" pursuant to 11 U.S.C. § 1502; and it is further

ORDERED, that all relief equivalent to that afforded to a debtor in a foreign main proceeding pursuant to 11 U.S.C. § 1520 is granted; and it is further

ORDERED, that the Scheme (including any amendments or modifications to the Scheme on or before the date of this Order) and the Sanction Order shall be given full force and effect and be binding on and enforceable against all Scheme Creditors, including without limitation, against a Scheme Creditor in its capacity as a debtor of the Scheme Company, in the United States and its territories; and it is further

ORDERED, that all Scheme Creditors and any parties acting on behalf of or deriving title from any Scheme Creditor are hereby permanently enjoined and restrained from:

(a) taking or continuing any step, or doing or continuing any act by way of Proceedings (as defined in the Scheme) or otherwise, in any jurisdiction whatsoever: (i) against or in respect of the Scheme Company or the Property (as defined in the Scheme) of the Scheme Company, for the purpose of obtaining payment, or establishing the existence or quantum, of any Scheme Claims; or (ii) save as permitted by clause (b) below, against or in respect of any of the Released Parties (as defined in the Scheme) either individually or collectively in connection with their duties and obligations under the Scheme; and

(b) commencing or continuing any legal or equitable action or proceedings challenging the validity of any act done or omitted to be done by the Released Parties in connection with the Scheme, including in the United States and its territories, and/or (where appropriate) the meetings of Scheme Creditors held on March 8, 2011 and April 7, 2011, and the Released Parties shall not be liable for any loss suffered by any Scheme Creditor or third party, unless such loss is attributable to their fraud or dishonesty; accordingly, no Scheme Creditor shall bring or institute

4

any Proceedings, claims or complaints against the Released Parties to the extent prohibited by the Scheme; and

(c) enforcing any judicial, quasi-judicial, administrative or regulatory judgment, assessment or order or arbitration award and commencing or continuing any act or any other legal or equitable action or proceedings (including, without limitation, arbitration, mediation or any judicial, quasi-judicial, administrative or regulatory action, proceedings or process whatsoever) to create, perfect or enforce any lien or other security interest, set off, attachment, garnishment, or other claim against the Scheme Company in connection with the Scheme or any of its property in the United States, and its territories, or any proceeds thereof, including, without limitation, rights under reinsurance or retrocession contracts; and

(d) invoking, enforcing or relying on the benefit of any statute, rule or requirement of federal, state or local law or regulation requiring the Scheme Company to establish or post security in the form of a bond, letter of credit or otherwise as a condition of prosecuting or defending any proceeding (including, without limitation, arbitration, mediation or any judicial, quasi-judicial, administrative or regulatory action, proceeding or process whatsoever), and such statute, rule or requirement will be rendered null and void for Proceedings, except in compliance with the Scheme; provided, however, that nothing in the Order shall in any respect affect any Security in existence at the Effective Date or the replacements for such Security; and

(e) withdrawing from, setting-off against, or otherwise applying property which is the subject of any trust or escrow agreement or similar agreement in which the Scheme Company has an interest in excess of amounts expressly authorized by the terms of the trust, escrow, or similar agreement; and

(f) drawing down any letter of credit established by, on behalf or at the request of, the Scheme Company, in excess of amounts expressly authorized by the terms of the contract or other agreement pursuant to which such letter of credit has been established; and it is further

ORDERED, that a Net Ascertained Claim or Net Debt determined under the Scheme shall be final and binding on the Scheme Company and any person or entity that is a Scheme

5

Creditor; and it is further

ORDERED, that all Scheme Creditors of the Scheme Company are permanently enjoined from taking any action in contravention of or inconsistent with the Scheme; and it is further

ORDERED, that except as otherwise provided herein or in the Scheme, in the absence of a bona fide dispute raised and conducted in accordance with the Scheme, all persons and entities in possession, custody, or control of property of the Scheme Company in the United States and its territories, or the proceeds thereof, are required to turnover and account for such property or proceeds thereof to the Scheme Company; and it is further

ORDERED, that nothing in this Order prevents the continuance or commencement of proceedings against any person, entity, or other insurer other than the Released Parties; provided, however, that if any third party shall reach a settlement with, or obtain a judgment against, any person or entity other than the Released Parties, such settlement or judgment shall not be binding on or enforceable against the Released Parties or their property, or any proceeds thereof; and it is further

ORDERED, that the security provisions of Rule 65(c) of the Federal Rules of Civil Procedure, pursuant to Bankruptcy Rule 7065, shall be, and the same hereby are, waived with respect to the injunctive relief provided in this Order; and it is further

ORDERED, that no action taken by the Released Parties, in preparing, disseminating, applying for, implementing or otherwise acting in furtherance of the Scheme, this Order, this Chapter 15 Case, any further order for additional relief in this Chapter 15 Case, or any adversary proceedings in connection therewith will be deemed to constitute a waiver of the immunity afforded pursuant to section 306 or section 1510 of the Bankruptcy Code, the law of the United States or otherwise; and it is further

ORDERED, that all Scheme Creditors that are beneficiaries of letters of credit established by, on behalf or at the request of the Scheme Company or parties to any trust, escrow or similar arrangement in which the Scheme Company has an interest, are required to:

6

(a) provide notice to the Petitioner's United States counsel of any drawdown on any letter of credit established by, on behalf or at the request of, the Scheme Company, or any withdrawal from, set-off against, or other application of property that is the subject of any trust or escrow agreement or similar arrangement in which the Scheme Company has an interest, together with information sufficient to permit the Scheme Manager to assess the propriety of such drawdown, withdrawal, set-off or other application, including, without limitation, the date and amount of such drawdown, withdrawal, set-off or other application and a copy of any contract, related trust or other agreement pursuant to which any such drawdown, withdrawal, set-off, or other application was made, and provide such notice and other information contemporaneously therewith; provided, however, no drawing against any letter of credit or withdrawal from any escrow, trust or similar arrangement shall be made in connection with any commutation unless the amount of such drawing has been agreed in writing with the Scheme Company and the Scheme Manager; and

(b) turnover and account to the Scheme Manager for any funds resulting from the drawdown of any letter of credit or the application of funds subject to any trust, escrow or similar arrangement, withdrawal, set-off, or other application in excess of amounts expressly authorized by the terms of the contract, any related trust or other agreement pursuant to which such letter of credit, trust, escrow or similar arrangement has been established; and it is further

ORDERED, that the Scheme Company and the Scheme Manager be authorized to transfer to the foreign proceedings for distribution pursuant to the Scheme any monies or assets of the Scheme Company which the Scheme Company or the Scheme Manager have or may hereafter recover in connection with the Scheme; and it is further

ORDERED, that all persons that have a claim of any nature or source against the Scheme Company in connection with the Scheme and who are parties to any proceedings (including, without limitation, arbitration or any judicial, quasi-judicial, administrative action, proceeding or process whatsoever) in which the Scheme Company is or was named as a party, or as a result of which a liability of the Scheme Company may be established in connection with the Scheme, is required to place the Petitioner's United States counsel (Sidley Austin LLP, 787 Seventh

7

Avenue, New York, NY 10019, Attn: Lee S. Attanasio, Esq., and Alex R. Rovira, Esq.) on the master service list of any such action or other legal proceeding, and to take such other steps as may be necessary to ensure that such counsel receives:

    (a)    copies of any and all documents served by the parties to such action or other legal proceeding or issued by the court, arbitrator, administrator, regulator or similar official having jurisdiction over such action or legal proceeding; and

    (b)    any and all correspondence, or other documents circulated to parties named in the master service list; and it is further

ORDERED, that the English Court has exclusive jurisdiction to hear and determine any suit, action, claim or proceeding and to settle any dispute which may arise out of the construction or interpretation of the Scheme, or out of any action taken or omitted to be taken by any of the Released Parties in connection with the Scheme; *provided*, *however*, that in relation to the determination of Scheme Claims, nothing in this Order affects the validity of provisions determining governing law and jurisdiction, whether contained in any contract between the Scheme Company and any of its Scheme Creditors or otherwise; and it is further

ORDERED, that this Court shall retain jurisdiction with respect to the enforcement, amendment, or modification of this Order or requests for any additional relief in this Chapter 15 Case and all adversary proceedings in connection therewith properly commenced and within the jurisdiction of this Court; and it is further

ORDERED, that this Order shall be served:

    (a)    by United States mail, first class prepaid, on or before September 26, 2011 as prescribed by this Court upon all the known Scheme Creditors in the U.S. of whose current address the Scheme Manager is aware at the date of service;

    (b)    by publication on the Scheme website at www.TMEISCHEME.com; and

    (c)    by publication of notice of the entry of this order in The Wall Street Journal (US Edition) and Business Insurance magazine on or before September 26, 2011; and it is further

ORDERED, that such service will be good and sufficient service and adequate notice of this Order for all purposes.

Dated: September 8, 2011
    New York, New York

                                            **/s/Martin Glenn**
                                            MARTIN GLENN
                                  United States Bankruptcy Judge