# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 15 |
| ABENGOA CONCESSIONS ) | |
| INVESTMENTS LIMITED,[1] ) | Case No. 16-12590 (KJC) |
| ) | |
| Debtor in a Foreign Proceeding. ) | Re: D.I. 3 & 17 |
| ) | |

## ORDER RECOGNIZING ENGLISH PROCEEDING AS A FOREIGN MAIN PROCEEDING AND GRANTING RELIEF IN AID THEREOF

Upon consideration of the *Verified Petition Under Chapter 15 for Order and Final Decree Granting Recognition of Foreign Main Proceeding and Permanent Injunctive and Other Related Relief* (the "**Petition**") and the *Motion for Chapter 15 Recognition and Final Relief* (the "**Motion**") filed by and on behalf of Abengoa Concessions Investments Limited ("**ACIL**" or the "**Foreign Debtor**"), in its capacity as the duly authorized foreign representative (the "**Foreign Representative**") of foreign debtor with respect to a foreign proceeding (the "**UK Proceeding**"), as well as upon consideration of the *Memorandum of Law in Support of the Verified Petition for Recognition and Chapter 15 Relief* (the "**Memorandum of Law**"), the *Declaration of R. Craig Martin Regarding Determination of Foreign Law* ("**Martin Declaration**"), the *Declaration of Rebecca Lois Jarvis in Support of Verified Petition Under Chapter 15 for Order and Final Decree Granting Recognition of Foreign Main Proceeding and Permanent Injunctive and Other Related Relief* (the "**Jarvis Declaration**"), the *Second Declaration of Rebecca Lois Jarvis in Support of Verified Petition Under Chapter 15 for Order and Final Decree Granting Recognition of Foreign Main Proceeding and Permanent Injunctive*

---

[1] The last four digits of the Foreign Debtor's Registered Number are 8214. The Foreign Debtor's registered office address is St. Martin's House, 1 Lyric Square, London, England W6 0NB.

*and Other Related Relief* (the "**Supplemental Declaration**") and all documents attached to the Jarvis Declaration and the Martin Declaration (collectively, the "**Petition and Relief Documents**"), and upon consideration of any responses or oppositions to the Motion and/or Petition, and after due and sufficient notice of and hearing on the Motion, the Court finds and concludes as follows:

    a.    This Court has jurisdiction over this matter under 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated as of February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b)(2)(P). Venue is proper in this District under 28 U.S.C. § 1410(1) and (3);

    b.    Notice of the hearing on the Motion was sufficient under the circumstances and no further or other notice of the Motion or the hearing thereon is necessary or required;

    c.    These chapter 15 cases were properly commenced and in accordance with 11 U.S.C. § 1504;

    d.    The Petition meets all requirements of 11 U.S.C. § 1515;

    e.    The Foreign Representative is a "person" within the meaning of 11 U.S.C. §101(41) and is the duly appointed foreign representative of the Foreign Debtor within the meaning of 11 U.S.C. §§ 101(24) and 1517(a)(2);

    f.    The UK Proceeding is a foreign proceeding under 11 U.S.C. § 101(23);

    g.    The UK Proceeding is pending in the United Kingdom, which is the location of the Foreign Debtor's center of main interests, and therefore the UK Proceeding is a foreign main proceeding within the meaning of 11 U.S.C. § 1502(4);

    h.    The UK Proceeding is entitled to recognition as a foreign main proceeding since it meets the requirements of 11 U.S.C. § 1517;

i. Recognition of the UK Proceeding as a foreign main proceeding is not contrary to the public policy of the United States;

j. The Foreign Representative and the Foreign Debtor are automatically entitled to all of the relief available under 11 U.S.C. § 1520, without limitation;

k. All relief granted in this Order is necessary to effectuate the purpose of chapter 15 of title 11 of the United States Code and to protect the assets of the Foreign Debtor and the interests of its creditors; and

l. All creditors and other parties in interest, including the Foreign Debtor, are sufficiently protected in the grant of the relief ordered hereby in compliance with 11 U.S.C. §1522(a).

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The Motion is GRANTED in its entirety;

2. The UK Proceeding is hereby recognized as a foreign main proceeding in accordance with 11 U.S.C. § 1517;

3. All relief authorized by 11 U.S.C. § 1520 shall apply throughout the duration of this proceeding or until otherwise ordered by this Court, including, without limitation, the automatic stay authorized by 11 U.S.C. § 362;

4. The provisions of 11 U.S.C. §§ 363, 549, and 552 apply to a transfer of an interest of the Foreign Debtor in property that is within the territorial jurisdiction of the Untied States to the same extent that the sections would apply to property of the estate;

5. The right to transfer, encumber, or otherwise dispose of the Foreign Debtor's assets absent the express written consent of the Foreign Debtor is hereby suspended;

6.  The Foreign Debtor is entrusted with the right to operate the Foreign Debtor's business, exercise the rights and power of a trustee, and it is entitled to administer and realize all or part of the Foreign Debtor's assets within the territorial jurisdiction of the United States;

7.  The Foreign Representative, and any authorized officer, director, or employee acting on behalf of the Foreign Representative, is hereby granted the rights, powers, protections, privileges, and immunities of a trustee in a bankruptcy in the United States. No action taken during such period by the Foreign Representative, or its, officers, directors, employees, agents, representatives, advisors, or counsel, in preparing, disseminating, applying for, implementing or otherwise acting in furtherance of or in connection with the UK Proceeding, this Order, these chapter 15 cases, any adversary proceeding, or any further proceeding commenced herewith shall be deemed to constitute a waiver of the immunity afforded such person under sections 306 or 1510 of the Bankruptcy Code;

8.  Nothing herein shall enjoin a police or regulatory act of a governmental unit, including a criminal action or proceeding;

9.  The CVA is hereby given full force and effect in the United States and is binding on, and enforceable in accordance with its terms against, all persons subject to this Court's jurisdiction;

10. Except as expressly provided in the CVA, all persons subject to this Court's shall be prohibited from taking any action within the territorial jurisdiction of the United States that is inconsistent with the terms of the CVA;

11. The Foreign Debtor shall serve this Order on its creditors (including through voting nominees, if applicable), and other parties in interest, as required, within three (3) business days of the entry of this Order;

12. The Petition and Relief Documents shall be made available by the Foreign Representative upon request in writing to its counsel, DLA Piper LLP (US), DLA Piper LLP (US), 1201 North Market Street, Wilmington, DE 19801, <u>Attn</u>: R. Craig Martin or 203 N. LaSalle, Suite 1900, Chicago, Illinois 60010, <u>Attn</u>: Richard Chesley;

13. Notwithstanding any provision in the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") to the contrary including, but not limited to Bankruptcy Rules 7062 and 1018, (a) this Order shall be effective immediately and enforceable upon its entry; (b) the Foreign Representative is not subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (c) the Foreign Representative or the Foreign Debtor is authorized and empowered, and may in his discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order;

14. The summons requirement of Bankruptcy Rule 1011(b) does not apply to this proceeding;

15. The requirement of section 1514(c) of the Bankruptcy Code regarding notification of foreign creditors is hereby waived;

16. Except as otherwise provided in the CVA, the English Court shall have exclusive jurisdiction to hear and determine any suit, action, claim or proceeding and to settle any dispute in respect of the construction or interpretation of the CVA, or in respect of any action taken or omitted to be taken by ACIL in connection with the CVA; and

17. This Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the Motion, the Petition, or the implementation of this Order.

Dated: _____Dec 8_____, 2016
Wilmington, Delaware

_____
THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

- 5 -