IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:* | Chapter 15 |
| ZODIAC POOL SOLUTIONS SAS., *et al.*,[1] | Case No. 14-11818 (KJC) |
| Debtors in a Foreign Proceeding. | (Jointly Administered) |
| | Re: D.I. 1, 2 |

## ORDER GRANTING RECOGNITION AND RELATED RELIEF

**THIS MATTER** was brought before the Court by François Mirallié, the duly appointed foreign representative (the "**Foreign Representative**") of Zodiac Pool Solutions SAS, Zodiac Pool Solutions North America, Inc., and Zodiac Pool Systems, Inc. (together, the "**Zodiac Debtors**") in connection with proceedings (the "**English Proceedings**") concerning schemes of arrangement (the "**Schemes**") under part 26 of the English Companies Act 2006 sanctioned by the High Court of Justice of England and Wales (the "**High Court**").

The Foreign Representative filed *Verified Petitions for Recognition of Foreign Proceedings and Related Relief* on July 31, 2014 (the "**Chapter 15 Petitions**"), commencing the above-captioned cases (the "**Chapter 15 Cases**") under chapter 15 of title 11 of the United States Code (as amended, the "**Bankruptcy Code**") and seeking the entry of an order (i) recognizing the English Proceedings as "foreign nonmain proceedings" under section 1517 of the Bankruptcy Code and (ii) giving full force and effect to the Schemes of the Zodiac Debtors, including any modifications or amendments thereof, in the United States pursuant to sections 105(a), 1507, and 1521 of the Bankruptcy Code.

---

[1] The last four digits of the United States Tax Identification Number, or similar foreign identification number, as applicable, follow in parentheses: Zodiac Pool Solutions SAS (N/A); Zodiac Pool Solutions North America, Inc. (3451); and Zodiac Pool Systems, Inc. (5614).

No objections to the Chapter 15 Petitions were timely filed in accordance with the *Order (I) Specifying Form And Manner Of Service Of Notice (II) Scheduling Hearing, And (III) Waiving The Litigation Party Disclosure Requirements Of Bankruptcy Rule 1007(a)(4)* (D.I. 19) before the stated deadline of August 25, 2014 or thereafter.

The Court has considered and reviewed the Chapter 15 Petitions and the other pleadings and exhibits submitted by the Foreign Representative in support thereof. After due deliberation and sufficient cause appearing therefore, the Court finds and concludes as follows:

(A)     This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012.

(B)     This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P) and the Court may enter a final order consistent with Article III of the United States Constitution.

(C)     Venue is proper in this District pursuant to 28 U.S.C. § 1410(1) and (3).

(D)     The Foreign Representative is a "person" within the meaning of 11 U.S.C. § 101(41) and is the duly appointed "foreign representative" of the Zodiac Debtors within the meaning of 11 U.S.C. § 101(24).

(E)     The Chapter 15 Cases were properly commenced pursuant to 11 U.S.C. §§ 1504 and 1509, and the Chapter 15 Petitions meet the requirements of 11 U.S.C. §§ 1504 and 1515.

(F)     The English Proceedings are "foreign proceedings" within the meaning of 11 U.S.C. § 101(23).

(G)     The English Proceedings are entitled to recognition by this Court pursuant to 11 U.S.C. § 1517.

(H)     The English Proceedings are before the High Court in London, England, where each of the Zodiac Debtors has an "establishment" within the meaning of 11 U.S.C. § 1502(2), and therefore constitute "foreign nonmain proceedings" pursuant to 11 U.S.C. § 1502(5) and are entitled to recognition as such pursuant to 11 U.S.C. § 1517(b)(1).

(I)     The Foreign Representative is entitled to additional relief pursuant to 11 U.S.C. §§ 1507 and 1521.

(J)  The relief granted herein is necessary and appropriate, in the interest of the public and international comity, and consistent with the public policy of the United States.

NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:

1.  The English Proceedings are hereby recognized as foreign nonmain proceedings pursuant to section 1517(b)(1) of the Bankruptcy Code.

2.  The Schemes, including any amendments or modifications, are hereby given full force and effect in the United States pursuant to sections 1507 and 1521 of the Bankruptcy Code.

3.  This Court shall retain jurisdiction with respect to the enforcement, amendment or modification of this Order, any request for additional relief or any adversary proceeding brought in and through these Chapter 15 Cases, and any request by an entity for relief from the provisions of this Order, for cause shown, that is properly commenced and within the jurisdiction of this Court.

4.  The Chapter 15 Petitions and supporting papers shall be available upon request at the offices of Allen & Overy LLP, 1221 Avenue of the Americas, New York, New York 10020 to the attention of Mark Nixdorf, (212) 610-6300, mark.nixdorf@allenovery.com.

5.  Notwithstanding Bankruptcy Rule 7062, made applicable to these Chapter 15 Cases by Bankruptcy Rule 1018, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry, and upon its entry, this Order shall become final and appealable.

Dated: Wilmington, Delaware
_____Aug. 29_____, 2014

THE HONORABLE KEVIN J. CAREY
UNITED STATES BANKRUPTCY JUDGE

3