IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 15 |
| ESSAR STEEL ALGOMA INC., *et al.*,[1] | ) Case No. 14-11730 (BLS) |
| Debtors in a foreign proceeding | ) (Jointly Administered) |
|  | ) Re: Docket No. 4, 100 |

## MODIFIED ORDER GRANTING RECOGNITION OF FOREIGN MAIN PROCEEDING AND CERTAIN RELATED RELIEF ON A FINAL BASIS

Upon the motion (the "Motion")[2] of Essar Steel Algoma Inc. ("Algoma") in its capacity as the authorized foreign representative (the "Foreign Representative") of the above-captioned debtors (collectively, the "Debtors") in a proceeding (the "Canadian Proceeding") commenced under section 192 of the *Canada Business Corporations Act*, R.S.C. 1985, c. C-44, as amended (the "CBCA") currently pending before the Ontario Superior Court of Justice, Commercial List (the "Canadian Court"), pursuant to sections 362, 365, 1517, 1519, 1520, 1521, and 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), for entry of (a) a provisional order (the "Provisional Order"): (i) recognizing and enforcing in the United States, on an interim basis, the preliminary order of the Canadian Court dated as of July 16, 2014 (as amended on August 8, 2014, the "Amended Preliminary Order") and the interim order of the Canadian Court dated as of August 8, 2014 (the "Interim Order"), (ii) applying sections 362 and 365 of the Bankruptcy Code in these chapter 15 cases on an interim basis pursuant to sections 1519(a)(3),

---

[1] The Debtors in the foreign proceeding, along with the last four digits of the United States Tax Identification Number, Canadian Business Number or Netherlands Chamber of Commerce Number, as applicable, of each of the Debtors, are: Algoma Holdings B.V. (1679); Cannelton Iron Ore Company (9965); Essar Steel Algoma Inc. (0642); Essar Steel Algoma Inc. USA (8788); Essar Steel Canada Inc. (8779). The location of the Debtors' corporate headquarters and the service address for all of the Debtors is: 105 West Street, Sault Ste. Marie, Ontario P6A 7B4, Canada.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

RLF1 10737360v.1

1521(a)(7), and 105(a) of the Bankruptcy Code, and (iii) granting such other and further relief as this Court deems just and proper; and (b) a final order after notice and a hearing (this "Order") (i) granting the petitions in these cases and recognizing the Canadian Proceeding as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code, (ii) giving full force and effect in the United States to the Amended Preliminary Order and the Interim Order, including any extensions or amendments thereof authorized by the Canadian Court, and extending the protections of this Order to the Debtors on a final basis, and (iii) granting such other and further relief as this Court deems just and proper; and it appearing that this Court has jurisdiction to consider the Petition and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and 11 U.S.C. §§ 109 and 1501; and this Court having reviewed the Motion, the Petitions for Recognition, the Sandoval Declaration, and the Memorandum of Law, and having considered the statements of counsel with respect to the Motion at a hearing before this Court (the "Hearing"); and due and sufficient notice of the relief sought in the Motion having been given; and it appearing that no other or further notice need by provided; and this Court having determined that the legal and factual bases set forth in the Motion, the Petitions for Recognition, the Sandoval Declaration, the Memorandum of Law, and all other pleadings and papers in these cases establish just cause to grant the relief ordered herein, and after due deliberation therefor;

**THIS COURT HEREBY FINDS AND DETERMINES THAT:**

A.  The findings and conclusions set forth herein constitute this Court's findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedures (the "Bankruptcy Rules"), made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law,

they are adopted as such. To extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

B.  This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.

C.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

D.  Venue for this proceeding is proper before this Court pursuant to 28 U.S.C. § 1410.

E.  The Foreign Representative is the duly appointed "foreign representative" of the Debtors within the meaning of section 101(24) of the Bankruptcy Code.

F.  These chapter 15 cases were properly commenced pursuant to sections 1504, 1509, and 1515 of the Bankruptcy Code.

G.  The Foreign Representative has satisfied the requirements of section 1515 of the Bankruptcy Code and Bankruptcy Rule 2002(q).

H.  The Canadian Proceeding is a "foreign proceeding" pursuant to section 101(23) of the Bankruptcy Code.

I.  The Canadian Proceeding is entitled to recognition by this Court pursuant to section 1517 of the Bankruptcy Code.

J.  Canada is the center of main interests of each of the Debtors, and accordingly, the Canadian Proceeding is a "foreign main proceeding" as defined in section 1502(4) of the Bankruptcy Code, and is entitled to recognition as a foreign main proceeding pursuant to section 1517(b)(1) of the Bankruptcy Code.

K.  The Foreign Representative is entitled to all the automatic stay relief available pursuant to section 1520 of the Bankruptcy Code.

L.       The Foreign Representative is further entitled to the discretionary relief expressly set forth in section 1521(a) and (b) of the Bankruptcy Code.

M.       The relief granted herein is necessary and appropriate, in the interests of the public and international comity, consistent with the public policy of the United States, and warranted pursuant to section 1517, 1520, and 1521 of the Bankruptcy Code.

**NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED THAT:**

1.       The Petitions for Recognition and the Motion are granted.

2.       The Canadian Proceeding is granted recognition as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code.

3.       The Amended Preliminary Order, including any extensions, amendments or modifications thereto, is hereby enforced on a final basis and given full force and effect in the United States.

4.       The Interim Order, including any extensions, amendments or modifications thereto, is hereby enforced on a final basis and given full force and effect in the United States.

5.       All relief afforded foreign main proceedings pursuant to section 1520 of the Bankruptcy Code is hereby granted to the Canadian Proceeding, the Debtors, and the Foreign Representative as applicable.

6.       Sections 362 and 365(e) of the Bankruptcy Code shall hereby apply with respect to the Debtors and the property of the Debtors that is within the territorial jurisdiction of the United States.

7.       Subject to sections 1520 and 1521 of the Bankruptcy Code, the Canadian Proceeding, the Amended Preliminary Order and the Interim Order (including any extensions,

amendments or modifications thereto), and the transactions consummated or to be consummated thereunder, shall be granted comity and given full force and effect in the United States to the same extent that they are given effect in Canada, and each is binding on all creditors of the Debtors and any of their successors and assigns.

8. Pursuant to section 1521(a)(6) of the Bankruptcy Code, all prior relief granted to the Debtors or the Foreign Representative by this Court pursuant to section 1519(a) of the Bankruptcy Code shall be extended and the Provisional Order shall remain in full force and effect, notwithstanding anything to the contrary contained therein.

9. All entities (as that term is defined in section 101(15) of the Bankruptcy Code), other than the Foreign Representative and its expressly authorized representatives and agents, are hereby enjoined from:

   a) execution against any of the Debtors' assets;

   b) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, arbitral, or other action or proceeding, or to recover a claim, including without limitation any and all unpaid judgments, settlements, or otherwise against the Debtors in the United States;

   c) taking or continuing any act to create, perfect, or enforce a lien or other security interest, set-off, or other claim against the Debtors or any of their property;

   d) transferring, relinquishing, or disposing of any property of the Debtors to any entity (as that term is defined in section 101(15) of the Bankruptcy Code) other than the Foreign Representative;

   e) commencing or continuing an individual action or proceeding concerning the Debtors' assets, rights, obligations, or liabilities to the extent they have not been stayed pursuant to section 1520(a) of the Bankruptcy Code; and

   f) terminating contracts or otherwise accelerating obligations thereunder,

*provided*, in each case, that such injunction shall be effective solely within the territorial jurisdiction of the United States.

10. Notwithstanding anything to the contrary contained herein, this Order shall not be construed as (a) enjoining the police or regulatory act of a governmental unit, including a criminal action or proceeding, to the extent not stayed pursuant to section 362 of the Bankruptcy Code or (b) staying the exercise of any rights that section 362(o) of the Bankruptcy Code does not allow to be stayed.

11. The Debtors will provide certain adequate protection to the holders of Secured Notes, lenders under the ABL Facility, and Avenue Capital in consideration for the Debtors' use of assets during the pendency of the Canadian Proceeding and these chapter 15 cases. Such adequate protection will be in the form of:

   a) payment of actual, reasonable and documented fees and expenses of (x) White & Case LLP and Osler, Hoskin & Harcourt LLP, each in connection with serving as legal counsel to Deutsche Bank Trust Company Americas, as administrative agent for the ABL Facility, and (y) Pillsbury Winthrop Shaw Pittman LLP, Dentons Canada LLP, and Morris, Nichols, Arsht & Tunnell LLP in connection with serving as legal counsel to Wilmington Trust Company, as trustee for the Secured Notes Indenture, in each case of (x) and (y) whether incurred before or after the Petition Date in connection with the Canadian Proceeding and these chapter 15 cases;

   b) unless otherwise agreed, compliance with the "Borrowing Base" (as such term is defined in the ABL Credit Agreement) (provided, however, if such is otherwise agreed, the Debtors will provide notice to Wilmington Trust Company, as trustee for the Secured Notes Indenture (the "Secured Note Trustee"), and the ad hoc group of senior secured noteholders);

   c) delivery of the Budget (as such term is defined in the Term Sheet) to Deutsche Bank Trust Company Americas, as administrative agent for the ABL Facility, the Secured Note Trustee, and Wilmington Trust, National Association, as collateral trustee under the Secured Notes Indenture and Avenue Credit Agreement (in such capacity, the "Collateral Trustee"); provided that Deutsche Bank Trust Company Americas, the Secured Note

6

>   Trustee, and the Collateral Trustee may deliver such Budget to the lenders under the ABL Facility and the Avenue Credit Agreement and the holders under the Secured Notes Indenture so long as such lenders and holders have executed a non-disclosure agreement satisfactory to the Debtors; and
>
>   d) payment of any unpaid interest accrued and owed under the ABL Facility, the Secured Notes Indenture, and the Avenue Credit Agreement during the post-petition period as and when due under the applicable credit documents; provided that such interest will be paid at the non-default rate set forth in such credit documents.

12. The Foreign Representative is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

13. The Foreign Representative, the Debtors, and their respective agents are authorized to serve or provide any notices required under the Bankruptcy Rules or local rules of this Court.

14. The terms and conditions of this Order shall be immediately effective and enforceable upon entry.

15. The Foreign Representative is hereby authorized to apply to this Court to examine witnesses, take evidence, seek production of documents, and deliver information concerning the assets, affairs, rights, obligations, or liabilities of the Debtors, as such information is required in the Canadian Proceeding.

16. The Foreign Representative, the Debtors and/or each of their successors, representatives, advisors, or counsel shall be entitled to the protections contained in sections 306 and 1510 of the Bankruptcy Code.

17. Notwithstanding any provision in the Bankruptcy Rules to the contrary: (a) this Order shall be effective immediately and enforceable upon entry; (b) the Foreign Representative is not subject to any stay in the implementation, enforcement, or realization of the relief granted

7

RLF1 10737360v.1

in this Order; and (c) the Foreign Representative is authorized and empowered, and may in its discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

18. A copy of this Order, confirmed to be true and correct, shall be served, within three business days of entry of this Order, by facsimile, electronic mail, or first class mail delivery, upon all persons or bodies authorized to administer foreign proceedings of the Debtors, all entities against whom provisional relief was granted pursuant to section 1519 of the Bankruptcy Code, all parties to litigation pending in the United States in which any of the Debtors were a party at the time of the filing of the Petitions for Recognition, the Office of the United States Trustee for the District of Delaware, and such other entities as this Court may direct. Such service shall be good and sufficient service and adequate notice for present purposes.

19. This Court shall retain jurisdiction with respect to: (a) the enforcement, amendment, or modification of this Order; (b) any requests for additional relief or any adversary proceeding brought in and through these chapter 15 cases; and (c) any request by an entity for relief from the provisions of this Order that is properly commenced and within the jurisdiction of this Court.

Dated: Aug. 22, 2014
Wilmington, Delaware

THE HONORABLE BRENDAN L. SHANNON
UNITED STATES BANKRUPTCY JUDGE